ARRINGTON et al. v. JONES et al.
(No. 1709.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 4, 1917.)

1. SCHOOLS AND SCHOOL DISTRICTS ⟨⟩79— POWER TO EMPLOY AND PAY ATTORNEY.

Vernon's Sayles' Ann. Civ. St. 1914, art. 2856, provides that all school districts provided for by special act of the Legislature are placed under the general laws relating to incorporated school districts. Article 2822 provides that the trustees of the school district may contract and be contracted with, sue or be sued, plead or be impleaded. Under articles 2823 and 2892, the trustees of a school district have the management and control of the public school of the district. No statute makes it the duty of the county or district attorney to represent the trustees in legal proceedings. Article 2772 provides for payment of local school funds for certain purposes and "for other purposes necessary in the conduct of the schools, to be determined by the board of trustees." The Park independent school district of Bowie county was organized and created by act of the Legislature. Held, in a suit to restrain the trustees of that district from issuing and delivering and the treasurer of the district from paying, any check or warrant for legal services rendered in prosecuting a suit by the trustees to cancel a teacher's contract, that although no express authority was given to trustees to employ an attorney for such purpose, such authority was implied, and also authority to pay such attorney reasonable compensation out of the special maintenance fund in the management of the trustees, as a necessary incident of the power to contract and sue and control the affairs of the school, and that the discretion of the trustees in this respect could not be restrained.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 188–191; Dec. Dig. ⟨⟩79.]

2. SCHOOLS AND SCHOOL DISTRICTS ⟨⟩111— PAYMENT OF ATTORNEY'S FEES.

Whether or not such attorney's fee should be paid in priority of the salaries of teachers under previously existing contracts with them was a matter that did not legally affect plaintiff taxpayers with a peculiar injury.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 265–268; Dec. Dig. ⟨⟩111.]

---

Appeal from District Court, Bowie County; H. F. O'Neal, Judge.

Suit by Robert Arrington and others against W. Z. Jones and others. From judgment for defendants, plaintiffs appeal. Affirmed.

The court sustained a general demurrer to the plaintiffs' petition, and they appeal from the ruling in that respect. The Park independent school district of Bowie county, as alleged, "was organized and created by an act of the Twenty-Eighth Legislature of the state of Texas as a body politic, and is now in due and legal existence." The purpose of the suit is to have a writ of injunction issued, restraining the trustees of the Park independent school district from issuing and delivering, and the treasurer of said school district from paying, any check or warrant in payment of legal services rendered by Attorney J. S. Crumpton in prosecuting a suit in the district court of Bowie county, brought by the trustees of said school district against a teacher in the school to cancel her teaching contract for the year 1915–1916. The plaintiffs appear in the present suit as taxpayers and patrons of the school, claiming that the sum contracted to be paid by the said trustees to the attorney for his services were not just and legal charges against the funds of the said independent school district derived through a special maintenance tax in the district.

Wheeler & Wheeler and Mahaffey, Keeney & Dalby, all of Texarkana, for appellants. L. H. Henry and J. S. Crumpton, both of Texarkana, for appellees.

LEVY, J. (after stating the facts as above). [1, 2] Article 2856, Vernon's Sayles' Statutes, provides that all school districts provided for by special act of the Legislature, as was here alleged, are placed under the general laws relating to incorporated school districts. It is provided that the trustees of the school district, as a body corporate, may contract and be contracted with, sue or be sued, plead or be impleaded, in any court of this state of competent jurisdiction. Article 2822, Vernon's Sayles' Statutes. And the trustees of the school district shall have the management and control of the public school of the district. Articles 2823 and 2892, Vernon's Sayles' Statutes. There is no authority expressly given to trustees to employ an attorney to bring a suit in behalf of trustees against a teacher to cancel a teaching contract. But having the power, as trustees have by the terms of the statute, to contract and to sue and be sued in the courts, the authority on the part of trustees to employ an attorney to institute and prosecute an action in their behalf would exist as a necessary incident of the powers to contract and to sue and to manage and control the affairs and interest

of the public school. State v. Aven et al., 70 Ark. 291, 67 S. W. 752; 6 Thompson on Corp. (Ed. 1894) § 7361. For the statute does not make it the duty of the county or district attorney to represent the trustees in legal proceedings in which they are interested. Since the trustees have, as we think, the power to employ an attorney to represent them in legal proceedings respecting school affairs, the authority would exist to pay such attorney reasonable compensation out of the special maintenance school fund in the management and control of the trustees. Article 2772, Vernon's Sayles' Statutes. And, as the trustees, under the expressly conferred power of management and control, may determine the question of instituting legal proceedings respecting the school affairs, the plaintiffs may not restrain the judgment and discretion of the trustees in that respect. And whether or not the attorney's fee should be paid in priority of the salaries of teachers under previously existing contracts with them is a matter that does not legally affect plaintiffs with a peculiar injury.

It is believed that the court did not err in sustaining the demurrer, and that the judgment of the court should be affirmed.