**STATE ex rel. LA CROSSE, Dist. Atty., v. AVERILL et al.**

No. 10229.

Court of Civil Appeals of Texas. San Antonio.

Oct. 13, 1937.

Rehearing Denied Dec. 15, 1937.

Julian La Crosse, Joseph Jones, and Boggess, La Crosse & Lowrey, all of Del Rio, for appellant.

Conger, Low & Spears, of San Antonio, and Wallace & Thurmond, of Del Rio, for appellees.

SMITH, Chief Justice.

This action, in the nature of a quo warranto, was brought by the state, upon the relation of its district attorney, to remove respondents, H. Averill and Otto Koog, from the office of city commissioner of the city of Del Rio, into which office they had been regularly inducted after due election thereto. The two respondents, in conjunction with the mayor, constitute the entire city commission.

Del Rio is a home-rule city, so called, and was organized and is now operating as such under the provisions of chapter 13, title 28, Revised Statutes of 1925, as amended (Vernon's Ann.Civ.St. art. 1165 et seq.), enacted in pursuance of the grant of power conferred in article 11, § 5, of the State Constitution, as adopted in 1912.

It may be said at the outset, for the purposes of this decision, that both respondents had been indicted by the grand jury of Val Verde county upon charges of felonious misconduct in their said office of city commissioner, in that in their official capacity they had passed a city ordinance authorizing and directing, and contracted in behalf of the city to that end, the payment of $4,750 out of the city treasury to a named firm of attorneys for their services in defending the respondents against conviction upon said indictments.

In this quo warranto proceeding respondents urged a plea in abatement upon the ground, in effect, that Del Rio being a home rule city, and having in its charter described and denounced the misconduct herein charged against them, provided penalties therefor, and set up a procedure for removal from office for such misconduct, the remedy so provided in said charter, and the procedure therein provided for such cases, were exclusive of all other remedies and procedure, or at least must be resorted to before invoking the aid of the courts; wherefore, respondents complained, in the absence of prior resort to the charter provision, this proceeding by quo warranto under the general law would not lie, and should be abated. The trial court sustained the plea in abatement, and dismissed the proceeding. Relators have appealed.

Before proceeding to a consideration of the ultimate question presented by this appeal, it seems proper to express the opinion that both constitutional, statutory and charter provisions upon the subject condemn as unlawful the acts of the members of a city commission in binding the city, by ordinance and contract, to pay out public funds to attorneys or others for services rendered in behalf of such commissioners in defending them against prosecutions for offenses charged against them, either in their private or official capacity, in the courts of the land. Const. art. 1, § 3; article 3, §§ 52, 53; article 988, R.S.1925; article 373, P.C.1925; sections 59, 65, 66, Charter City of Del Rio.

The question recurs, then, to one of remedy in cases of offenders, in this proceeding members of the city commission of Del Rio, against the acts so denounced.

Section 59 of the charter prohibits the elective officers of the city of Del Rio from committing the acts herein charged against respondents, but in that section no penalty is prescribed for the prohibited acts, nor is any procedure set up for determining the guilt of offenders against the prohibition.

In section 64 it is provided that the mayor, "acting in concert with the commissioners," as in the charter provided for removal from office, is empowered to remove elective officers of the city, "subject to the provisions of this Act," but no specific procedure is set up, in that section, for such removal.

In section 66 the acts herein charged against respondents are expressly prohibited, upon penalty of forfeiture of office and the emoluments thereof, and offenders "shall be expelled from such position by the city commission." But no procedure is specifically provided, in that section, for enforcing its provisions for removal.

The result is that in neither of the sections of the charter denouncing the acts in

question, and declaring penalties for violation, is any procedure prescribed for enforcing the provisions thereof.

The only procedure prescribed in the charter for removal of elective officers, such as respondents, is that found in section 65, in which it is provided:

"In case of habitual drunkenness, misconduct, inability or willful neglect in the performance of the duties of any elective officer of the city, such officer may be removed from his office by the City Commission, by a majority vote of the City Commission, but such officer shall be given an opportunity to be heard in his defense, and shall have the right to have process issued to compel the attendance of witnesses who shall be required to give testimony should such officer so elect.

"The hearing, in case of impeachment, of an elective officer, shall be public, and full and complete statement of the reasons for such removal, if such officer be removed, together with the findings of facts as made by the Commission, shall be filed in the office of the City Secretary.

"Pending the charge on impeachment against any elective officer, the City Commission shall suspend such officer for a period of not exceeding thirty days, during which time the matter of impeachment shall be concluded by the Commission unless continued for a cause, reason for which shall be spread upon the minutes of the Commission."

No provision is made in the charter for substitution of disqualified commissioners.

■ We are of the opinion that, generally, the procedure thus provided, including trial of those charged with "misconduct," if valid, would be available to the commission for trial and removal of elective officers for any offense denounced by the charter, notwithstanding the general rule that the grant of power for removal from elective office must be strictly construed, and if the authority to remove does not expressly appear from the grant, it will not be implied. 30 Tex.Jur. p. 223, § 119.

■ This conclusion brings us to the contention of respondents that the primary right of removal lodged in the city commission by the charter is exclusive until exhausted, and that the statutory power and remedy, by quo warranto or otherwise, may not be resorted to until the processes provided in the charter have been invoked and relief denied by the city commission. This court must reject that contention, and we will endeavor to briefly give the reasons for that rejection.

Under the provisions of the city charter, it appears that only the mayor and the two commissioners are elected by the people of the city, all other officials being appointed by the commission. The provisions in the charter for removal of elective officers as such apply, therefore, only to the mayor and two commissioners, and the result is that, under the charter, those officials may be removed only by their own votes, upon trials of themselves, by themselves. And where, as in this case, the offenses charged are shown to have been committed jointly by the two commissioners, those officers hold their own official fates absolutely in their own hands. They must try the facts affecting their own guilt or innocence; must determine their own guilt or innocence. If they find themselves not guilty under the facts to be resolved by them, they must acquit themselves; or, finding themselves guilty, they must fix and enforce the penalties for their crimes, or enforce the penalties fixed by the charter. It does not require much speculation, or strained construction, to conceive a serious doubt as to whether the whole structure, in the charter, for removal of elective officers, is in contravention, not only of constitutional and statutory inhibitions, but of public policy, against judges trying any case touching their guilt or innocence, or directly affecting their private interests. The whole and only effect of the charter provisions, limiting elective offices to that of members of the commission, and lodging in that body the power to try and acquit or convict those members of official misfeasances, is to confer upon those members the exclusive power to adjudge their own guilt or innocence. The idea offends every sense of law, justice, and right, and this court, for one, will not sanction it.

■ This case presents a practical, concrete, and complete example of the potential evils of the condemned system. Here, the majority of the members of the commission are charged with the joint commission of a single offense, which is denounced alike, and justly so, by Constitution, statute, and charter. If under the charter provisions they be tried jointly, as they may be, they must pass directly upon their own joint guilt or innocence; if separately, then the mayor and one of the commissioners must pass upon the guilt or innocence of the

other member for an offense in which it is alleged a majority jointly and equally participated, and for which it is alleged they each are equally and by the same facts guilty. The result is obvious: First, that from every consideration they will not prosecute or convict themselves or their coconspirator; and, second, their decisions in the matter would be void, since the Constitution, to say nothing of public policy, prohibits any judge from sitting "in any case wherein he may be interested," it being true, as a matter of course, that the members trying themselves would occupy the same position, and be subject to the same restrictions, as judges within the constitutional prohibition. Article 5, § 11; 34 Tex.Jur. p. 449, § 72; 19 R.C.L. 897; Diffie v. Cowan (Tex.Civ.App.) 56 S.W.2d 1097. For, their institution and trial of the offenses with which they stand charged here, their action thereon, whether of acquittal or conviction, would be a nullity, unless, indeed, such action would be valid under the rule of necessity, obtaining in other states but apparently not established in Texas, that where a board or tribunal charged by law with the duty of adjudicating a matter, and no provision is made for substituting others to sit in the places of those disqualified, they must act, regardless of their disqualification, if there be no other body or tribunal having jurisdiction of the matter. State of Alabama ex rel. v. Aldridge, 212 Ala. 660, 103 So. 835, 39 A.L.R. 1470 and annotations.

On the other hand, the statutory remedy of quo warranto provides for removal of public officials under the procedure therein prescribed. Article 6253 et seq.

It is provided in the cited article that "if * * * any public officer shall have done or suffered any act which by law works a forfeiture of his office," etc., the district attorney of the proper county may, with leave of the court, institute a proceeding by filing an information in the nature of a quo warranto, and thereupon, upon issue joined, may prosecute the proceeding for the purpose of ousting the offending officer. ■ It cannot be gainsaid that respondents are "public officers" within the contemplation of that act (34 Tex.Jur. p. 322, § 2), and that the offense here charged against them constitutes an "act which by law works a forfeiture of his office," as denounced in the constitutional, statutory, and charter provisions hereinabove cited and quoted. That being so, we conclude that that remedy, of quo warranto, is clearly applicable to this case, and that the trial court erred in sustaining respondents' plea in abatement thereto.

Even if it be conceded that the charter provisions vesting the commission with power to remove its members, and the procedure therein provided, are valid when tested by constitutional and statutory mandates, as well as by principles of public policy, the remedy there provided is futile and unenforceable in this case, and, if held to be exclusive of all other remedies, would enable the commission, if so disposed, to daily loot the funds of the city and appropriate them exclusively to their own uses, and leave the citizens without any recourse. We cannot conceive that such result was ever intended by the Constitution and laws of the state, or by the citizens who voted the charter. To give effect to that construction would be to contravene the Constitution and general laws of the state, as well as public policy. That power is prohibited by the very provision of the Constitution, which, in defining the powers granted to home-rule cities expressly excepted the authority to enact charters or ordinances in contravention of the Constitution and general laws of the state.

We are of the opinion that the remedy provided by the charter, even if valid, was cumulative of and does not supersede the remedy of quo warranto, and that this action properly lies in the case pleaded by relator.

The judgment is reversed and the cause remanded, for further proceedings in consonance with this opinion.

All concurring.

Associate Justice SLATTON, being disqualified, did not participate in this decision; Special Associate Justice Claude V. BIRKHEAD sitting in his place, and concurring herein.