## STEWART v. NEWTON INDEPENDENT SCHOOL DIST. et al.

### No. 3559.

Court of Civil Appeals of Texas. Beaumont.

Nov. 23, 1939.

Synnott & Smith, of Jasper, for appellant.

E. A. Lindsey, of Newton, and Richardson & Lanier, of Jasper, for appellees.

COMBS, Justice.

This suit was brought by appellant, Jno. R. Stewart, as the holder of certain school vouchers, aggregating $750.50, which he alleged the First National Bank of Newton, Texas, depository of the school district, had refused to pay. He named as defendants the Newton Independent School District, its Board of Trustees, the First National Bank of Newton, depository of the district, and J. Roy Lawson, active vice president of the bank. The trial court sustained a general ·demurrer to the plaintiff's petition and plaintiff refusing to amend the suit was dismissed, and this appeal is from that order. This being an appeal from an order sustaining a general demurrer, the only question presented for review is whether or not the plaintiff's petition stated a cause of action.

Briefly summarized, the plaintiff alleged that the Newton Independent School District, acting through its Board of Trustees, entered into a contract with Mr. J. J. Collins, of Lufkin, and Mr. W. E. Gray, of Newton, whereby the said Collins and Gray were employed as attorneys to represent said district in a law suit then pending which affected the interest of the school district, which suit sought among other things to abrogate a contract which the trustees had entered into employing a superintendent, and it was alleged that the suit also sought to close the schools. It was alleged that said attorneys performed the duties for which they were employed and that the School Board duly issued and delivered to said attorneys the vouchers here in question in payment of their said services and expenses, in accordance with the contract; that said vouchers were acquired by the plaintiff Stewart in due course of business; that he presented said vouchers to the defendant bank for payment, but that said bank refused payment of the vouchers, at the instance of a minority of three 'members of said Board. It was alleged that the school district had, at the time said vouchers were presented for payment and has at the present time on deposit to its credit in said depository bank, $2,000 of funds derived from local taxation, out of which said warrants could have been, and can now be lawfully paid, but that the depository bank refuses to pay said vouchers. Plaintiff also sought an injunction restraining the paying out of said funds pending the determination of this litigation on allegations that the funds would be dissipated and spent so that he could not force payment of his judgment. A temporary injunction was granted in vacation as prayed for and on the present hearing the· trial court continued the injunction in force pending this appeal, modifying the order however so as to enjoin reducing the funds on hand by expenditures to less than $1,000. The allegations are full and complete in alleging the legal existence of the school

district, the lawful making of the contract with the attorneys and the due execution and delivery of the vouchers, payment of which is here sought. The prayer was for judgment against the defendant school district and the defendant bank and certain named individuals for his debt, principal and interest, and that the trustees issue such other vouchers and perform such other duties as may be necessary to have the judgment and vouchers paid, and that the bank be required to make payment. ·

### Opinion.

██ It can not be questioned, we think, that the contract between the school board and the attorneys was, on the face of the allegations of plaintiff's petition, a legal contract. School district trustees have the general power to employ an attorney to represent them in legal proceedings respecting school affairs and to pay such attorney reasonable compensation for his services out of the special maintenance funds of the district. Arrington v. Jones, Tex.Civ.App., 191 S.W. 361.

██ It appears from the briefs of the parties that the trial court probably sustained the general demurrer on the theory that plaintiff's petition was fatally defective in not alleging that he had exhausted his remedy of appeal) to the school authorities, that is to say, the county superintendent, county board of education, state superintendent and state board of education. On the facts alleged by the plaintiff in his petition, and this appeal must be tested solely by the plaintiff's petition, there was no occasion for the plaintiff to appeal to the school authorities. On the allegations of his petition, the Board of Trustees of the Newton Independent School District had done everything he desired them to do. They had duly and legally issued the vouchers and it remained only for the depository bank to pay them out of school district funds, which it held and which could be lawfully devoted to such payment. Under these allegations there was obviously no occasion for plaintiff to appeal to the school authorities. He had no complaint to make of any administrative action on the part of the Newton School Board. His suit was merely to compel payment of the vouchers.

██ The answer of the defendants raised a number of defensive matters, such for instance as allegations to the general effect that the suit in which the attorneys were employed was in fact in the nature of a quo warranto proceeding for the removal of certain trustees on account of alleged misconduct in office; that the individuals concerned in fact paid the attorneys fees in question; that the issuance of the vouchers was simply an attempt to reimburse said individuals for said expenditures; that the School District in fact had no interest in the suit and the vouchers were not lawfully issued. All such allegations are defensive in nature and require the introduction of proof to support them. They can not be considered in support of the judgment of the trial court sustaining the general demurrer. That order must be tested alone by the allegations of the plaintiff's petition.

The judgment of the trial court sustaining the general demurrer is reversed and the cause remanded. That part of the trial court's judgment which restrains expenditure of the funds so as to reduce the funds on hand derived from local taxation to less than $1,000 will be continued in force.