

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11. TEXAS

WILL WILSON
ATTORNEY GENERAL

October 29, 1962

Honorable John A. Menefee
County Attorney
Upton County
Rankin, Texas

Opinion No. WW-1464

Re: The liability of Upton
County for payment of fees
to private attorneys for
services rendered in behalf
of the County and two County
Commissioners in contempt
and habeas corpus proceedings.

Dear Mr. Menefee:

Your request for this opinion raises a question as to whether the County may pay for legal services performed for individual Commissioners in view of the prohibitions contained in Article 2340 of Vernon's Civil Statutes and Article 373 of the Penal Code. The text of these statutes follows a summary of the fact situation.

A series of actions began on August 24, 1959, with the filing of suit in the district court by a citizen to enjoin the County Commissioners from using county equipment to perform certain work for private individuals on private property. The defendants named were Upton County, its four County Commissioners and the County Judge.

On January 19, 1961, the court entered an agreed judgment to the effect that only Upton County itself should be enjoined but none of the Commissioners personally, and the judgment dismissed the action as to them. A Writ of Perpetual Injunction was ordered restraining and enjoining Upton County, its agents, servants, officers and employees, from performing the prohibited actions.

Subsequently, plaintiff filed an affidavit of contempt and this was followed by a hearing. By order dated February 19, 1962, the Court concluded that the acts complained of were a violation of the permanent injunction. It was decreed "that Upton County, the County Commissioners' Court and the official members thereof, each and all" be found guilty of contempt, and further sentenced two Commissioners to jail for specified periods, "whereupon," you state, "the Commissioners, and/or Upton County employed a firm of attorneys to represent Upton County." The attorneys apparently represented Upton County and the Commissioners in the contempt hearing. Thereafter, the attorneys represented only two Commissioners in an original habeas corpus proceeding in

the Supreme Court of Texas, the same being reported in 357 S.W.2d 740.

Article 2340, Vernon's Civil Statutes, "Oath and Bond," under the general section on Commissioners Courts is as follows:

"Before entering upon the duties of their office, the county judge and each commissioner shall take the official oath, and shall also take a written oath that he will not be directly or indirectly interested in any contract with, or claim against, the county in which he resides, except such warrants as may issue to him as fees of office. Each commissioner shall execute a bond to be approved by the county judge in the sum of three thousand dollars, payable to the county treasurer, conditioned for the faithful performance of the duties of his office, that he will pay over to his county all moneys illegally paid to him out of county funds, as voluntary payments or otherwise, and that he will not vote or give his consent to pay out county funds except for lawful purposes."

Article 373, Vernon's Penal Code, entitled "County or city officer interested in contracts," is as follows:

"If any officer of any county, or of any city or town shall become in any manner pecuniarily interested in any contracts made by such county, city or town, through its agents or otherwise, for the construction or repair of any bridge, road, street, alley or house or any other work undertaken by such county, city or town, or shall become interested in any bid or proposal for such work or in the purchase or sale of anything made for or on account of such county, city or town, or who shall contract for or receive any money or property, or the representative of either, or any emolument or advantage whatsoever in consideration of such bid, proposal, contract, purchase or sale, he shall be fined not less than fifty nor more than five hundred dollars."

It is apparent that in the instant proceedings arising in Upton County, the services performed by these attorneys were

partly in behalf of Upton County and the Commissioners, and partly in behalf of the Commissioners only. The attorneys have now billed Upton County for legal services in representing Upton County and the County Commissioners in the contempt hearing and the habeas corpus proceedings.

Two closely related principles of law govern the right of a county to pay these fees. The courts and this office have many times upheld the power and authority of the county to employ counsel to represent the county in matters that directly concern the county business. Some of the holdings describe the services permitted as where the county, as a whole, is interested and affected. Adams v. Seagler, 112 Tex. 583, 250 S.W. 413; City National Bank of Austin v. Presidio County, 26 S.W. 775; Attorney General's Opinions Nos. 0-1440, 0-4955, and V-232. This is true, moreover, even though the plaintiff in a suit names only one or more of the commissioners or the County Judge as defendants, and not the county per se, as long as it concerns proper county business. City National Bank v. Presidio County, supra, Attorney General's Opinion No. 0-1440 (copy attached).

The second principle, however, rules out the payment of attorneys' fees for services in behalf of individual commissioners if in violation of the above statute. The decision in State v. Averill, 110 S.W.2d 1173 (Civ.App. 1937, error ref.), pertains to city commissioners, also controlled by Article 373 of the Penal Code and by Article 988, Vernon's Civil Statutes, the latter statute being similar to Article 2340. The Court said at page 1174:

> ". . .constitutional, statutory and charter provisions upon the subject condemn as unlawful the acts of the members of a city commission in binding the city, by ordinance and contract, to pay out public funds to attorneys or others for services rendered in behalf of such commissioners in defending them against prosecutions for offenses charged against them, either in their private or official capacity, in the courts of the land. Const. art. 1, P. 3; article 3, PP. 52, 53; article 988, R.S. 1925; article 373, P. C. 1925; sections 59, 65, 66, Charter City of Del Rio."

We believe the facts present a situation wherein Upton County through its Commissioners' Court properly employed the

attorneys to represent the County and its Commissioners' Court beginning immediately after the filing of the plaintiff's affidavit charging violation of the court's injunction and through the judgment and order of February 19, 1962. However, it would have been improper for the county to employ attorneys to represent the individual Commissioners, either individually or in their official capacity, after this date.

It is indicated in prior opinions of this Department that the contract between the County and the attorneys is enforceable, however, as to that portion of the fees attributable to services rendered for proper county business, even though services were rendered for improper matters at the same or different times. This is approved in Opinion No. V-232, supra, (copy attached).

It is a question of fact as to the division of the total claimed fee between proper and improper services.

We think the foregoing answers the general question raised by your request, but there remains to answer a more specific query which is:

"Does the fact that the County Commissioners may have to serve jail time or pay a fine as a result of the contempt hearing and habeas corpus proceedings show such personal interest in the contract for attorneys fees that would prohibit Upton County from paying the claim of said attorneys?"

Here the end cannot justify the means. Whether the commissioner is right or thinks he is right, or that he is subsequently determined so, cannot have any effect on the propriety of a county employing attorneys to represent the commissioner individually, either in his personal or in his official capacity, where the matter involved does not affect the business of the county as a whole. City National Bank of Austin v. Presidio County, supra; Attorney General's Opinion No. O-1440.

## S U M M A R Y

It is a violation of Article 2340, Vernon's Civil Statutes, and of Article 373, Vernon's Penal Code, for a county commissioners court to pay a fee to an attorney for representing an individual commissioner who is charged with violating a district court judgment enjoining a county, its commissioners court and the official members

thereof from performing acts which are not proper county business.

Where an attorney is employed by the county to perform proper legal services, as where the county as a whole is interested and affected, and at the same time to represent an individual commissioner for a matter not directly concerning county business, payment of the attorney's fee may be enforced only as to that portion thereof attributable to proper county business.

Sincerely,

WILL WILSON
Attorney General of Texas

By: Scranton Jones
Assistant

SJ:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Frank Booth
Paul Phy
L. P. Lollar

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore