

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL.
ATTORNEY GENERAL

October 22, 1976

The Honorable Joe Max Shelton
Grayson County Attorney
Third Floor, Courthouse
Sherman, Texas    75090

Opinion No. H-887

Re:  Expenditure of muni-
cipal funds for expenses
of defending suits brought
against mayor, city police-
man, and members of the
city council.

Dear Mr. Shelton:

You have requested our opinion regarding the circum-
stances under which a Texas general law city may expend
funds for the defense of elected city officials and employees
who have been sued in their official and individual capacities.
Specifically, you present two fact situations arising from
recent litigation involving officials of the City of Pottsboro.
Fact situation number one arises from a suit by residents of
an area recently annexed by the City of Pottsboro.  You state
that several residents of the annexed area filed suit in
federal court against the mayor and members of the city
council, individually and in their official capacity, seeking
injunctive and declaratory relief as well as monetary damages.
The Pottsboro city attorney, who is paid on an hourly basis,
successfully defended the mayor and city council members before
both the United States District Court and the Court of Appeals
for the Fifth Circuit.  Fact situation number two arises from
a suit filed in federal court by a Pottsboro businessman
against a Pottsboro police officer and three members of the
city council, alleging deprivation of constitutionally
protected rights and related tort claims.  The defendants in
fact situation number two have retained a private attorney
who was employed pursuant to a resolution of the city council.

p. 3734

We have addressed the question of when a governmental entity may expend funds to provide legal representation for its officers on several recent occasions. Attorney General Letter Advisory No. 24 (1973) considered the constitutionality of a bill then pending before the Legislature authorizing district and county attorneys to represent county officials and employees in suits involving any act of the official or employee while in the performance of public duties. The bill further authorized county commissioners to employ and pay private counsel when necessary or proper to provide legal counsel for county officials. We concluded that the bill under consideration was constitutional so long as its operation was limited "to those circumstances where the interests of the county . . . are at stake, and where there is a good faith showing that the individual sued was acting within the scope of his authority in the performance of public duties." Id. at 3-4. The bill was subsequently enacted, and is now article 332c, V.T.C.S.

In Attorney General Opinion H-70 (1973), we considered whether a school district might purchase liability insurance to protect its trustees from the costs of defending litigation brought against them individually for acts or omissions committed in the good faith discharge of their official duties. We concluded that:

> Where a Texas governing body believes in good faith that the public interest is at stake, even though an officer is sued individually, it is permissible for the body to employ attorneys to defend the action . . . . The propriety of such a step is not made dependent upon the outcome of the litigation, but upon the bona fides of the governing body's motive. Id. at 5.

More recently, in Attorney General Opinion H-544 (1975), we considered whether a county might authorize the expenditure of funds to provide legal representation for a district judge who was sued in an effort to enjoin his proceeding with a court of inquiry. We observed:

> Among the expenses which the county may
> authorize or ratify are the costs of hiring
> an attorney.  The authority of a county
> commissioners court to employ counsel to
> represent county interests in suits, even
> when nominally against individuals, has been
> recognized. . . . . [Citations omitted].  These
> cases are in accord with the general rule in
> the United States that a public body, acting
> in good faith, may indemnify public officials
> for legal expenses incurred in suits brought
> against them for acts committed in discharge
> of their duties.  Annot., 130 A.L.R. 736 (1941).
>
> Conversely, in any case where the public
> official acted outside of or beyond the scope
> of his legal powers, a public body has no
> authority to pay such legal expenses.  Attorney
> General Letter Advisory No. 24 (1973).

We believe the analyses of questions you present with
regard to officers and employees of a general law city to be
essentially identical to those applied to county officials
in Letter Advisory No. 24, to school trustees in Attorney
General Opinion H-70, and to a district judge in Attorney
General Opinion H-544.  When the city council believes in good
faith that the city's interests are at stake, even though an
officer or employee is sued individually, the city may employ
an attorney to defend the action.  The authority of the city
council to employ attorneys is limited, however, to those
situations in which legitimate interests of the city -- not
merely the personal interests of city officers or employees
-- require assertion or defense.  Attorneys clearly may not
be compensated from public funds when city officials have only
a "direct personal interest" in the use of city funds for their
own defense.  City of Del Rio v. Lowe, 111 S.W.2d 1208, 1219
(Tex. Civ. App. -- San Antonio 1937), rev'd 122 S.W.2d 191
(Tex. Sup. 1938).  See also State v. Averill, 110 S.W.2d 1173
(Tex. Civ. App. -- San Antonio 1937, writ ref'd).

The expenditure of funds in defense of a suit in which city interests are at stake, even though the city may not be named as a party to the suit, is a "municipal function." City of Corsicana v. Babb, 290 S.W. 736, 737 (Tex. Comm'n App. 1927, jdgmt adopted).  Such expenditures "do not constitute a gratuity, but constitute a public expenditure of the municipality for which city funds may be used . . . ."  Id. A city is under no duty or obligation to indemnify its officials and employees against legal expenses, "but, if it do employ the attorney, the municipality becomes legally bound to pay his compensation."  Id. See also Attorney General Opinion H-544 (1975).

The authority of the city council to appropriate funds for the legal defense of council members and other city officials, when the public interest so requires, has been upheld notwithstanding the statutory prohibition of article 988, V.T.C.S., upon any direct or indirect interest in any city contract by any council member or other city officer.  City of Corsicana v. Babb, supra; Chandler v. Saenz, 315 S.W.2d 87 (Tex. Civ. App. -- San Antonio 1958, writ ref'd n.r.e.).  See also Chrestman v. Tompkins, 5 S.W.2d 257 (Tex. Civ. App. -- Dallas 1928, writ ref'd).

It is, therefore, our opinion that the governing body of a Texas general law city may lawfully authorize the expenditure of public funds for the defense of elected city officials and employees who have been sued in their official and individual capacities if the suit involves an action of the official or employee within the scope of his authority in the performance of public duties, and if the governing body believes in good faith that the public interest is at stake.  Public funds may not be expended if the litigation involves only the personal interests of city officials or employees in which the city has no interest or may have an adverse interest.  In situations where the use of public funds may be justified, the municipality is under no obligation to provide legal representation for its officials and employees, but is merely authorized to do so in the discretion of its governing body.

This office cannot resolve the fact situations you present since we are unable to resolve questions of fact in the opinion process.  Your resolution of them must be made in accordance with the legal guidelines set out in this opinion.

## S U M M A R Y

The governing body of a Texas general law
city may lawfully authorize the expenditure
of public funds for the defense of elected
city officials and city employees who have
been sued in their official and individual
capacities if the suit involves an action
of the official or employee within the scope
of his authority in the performance of public
duties, and if the governing body of the city
believes in good faith that the public interest
is at stake.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb