September 23, 2003

Mr. Robert Scott
Chief Deputy Commissioner
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. GA-0104

Re: Whether a school district board of trustees may reimburse a member for expenses incurred in an election contest that involved certain voting rights claims (RQ-0041-GA)

Dear Mr. Scott:

On behalf of the D'Hanis Independent School District (the "District") your predecessor asked whether an independent school district may reimburse a school board trustee for personal legal expenses incurred in defending against voting rights claims that arose in the context of an election contest.[1] The facts and legal issues are presented in a brief from the District that accompanies the request.[2] A brief submitted by the trustee's attorney also presents facts and arguments.[3]

## I.     Facts

The District held an election on May 4, 2002 for District 2 Trustee, with Ronald Koch and Rick Rothe as the only candidates. See Chunn Brief, supra note 3, at 1.[4] Rothe won the election, and "[p]ursuant to the Texas Election Code, Rick Rothe assumed the elected post of trustee upon the canvass of the election, notwithstanding the pending Election Contest and has been serving in the capacity of Trustee ever since." Mendez Brief, supra note 2, at 1, n.1; see also TEX. ELEC. CODE ANN. §§ 67.004 (Vernon 2003) (procedure for local canvass), 67.016 (certificate of election), 232.009 (notice of election contest to canvassing authority).

---

[1] See Letter from Commissioner Felipe T. Alanis, Texas Education Agency, to Honorable Greg Abbott, Texas Attorney General (Apr. 14, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

[2] See Brief from David Mendez, Bickerstaff, Heath, Smiley, Pollan, Kever & McDaniel, L.L.P., to Honorable Greg Abbott, Texas Attorney General (Mar. 26, 2003) (attachment to Request Letter) (on file with Opinion Committee) [hereinafter Mendez Brief].

[3] See Brief from John C. Chunn, Attorney at Law, to Honorable Greg Abbott, Texas Attorney General (May 23, 2003) (on file with Opinion Committee) [hereinafter Chunn Brief].

[4] See also Contestant's First Supplemental Petition, Koch and Ortiz v. Rothe and D'Hanis Indep. Sch. Dist., Cause No. 02-05-16001-CV, 38th Dist. Ct. of Medina County at 2-3 (July 17, 2002) (attachment to Chunn Brief) (stating that the election for the D'Hanis District Board of Trustees, Districts 1, 2, and 5 was held on May 4, 2002) [hereinafter Contestant's First Supplemental Petition].

Koch, identifying himself as "contestant," brought an election contest suit against Rothe, identifying him as "contestee."[5] Koch sought to invalidate the election for material errors in the ballot, which he alleged violated Election Code section 52.005.[6] *See generally* TEX. ELEC. CODE ANN. § 52.005 (Vernon 2003) (ballot may contain only offices on which qualified voters of the precinct are entitled to vote). Trustees of the D'Hanis district are elected from single member districts pursuant to Education Code section 11.052, which provides for dividing a school district into trustee districts and entitles the residents of each trustee district to elect one trustee. *See* TEX. EDUC. CODE ANN. § 11.052 (Vernon Supp. 2003). The ballot, however, listed candidates for three single member districts and variously instructed the voters to vote for (1) one candidate and (2) one for each position.[7] *See* Chunn Brief, *supra* note 3, at 1. Rick Rothe retained counsel to represent him in the election contest.[8]

Contestant Koch, joined by a minority voter, subsequently filed a first supplemental petition against (1) Rick Rothe and (2) the District and six named trustees, not including Rick Rothe, in their official capacity as members of the board.[9] The supplemental petition, which identifies Rick Rothe as "contestee" and the District and the six named trustees as "defendants," sought a declaration that the District's actions in conducting the election without having the ballot precleared violated the Federal Voting Rights Act, 42 U.S.C. § 1973 (2002).[10] It also sought a declaration that the election was void because it was conducted without "preclearance of significant changes in the electoral process."[11] The pleading thus appears to base an election contest against Rothe and a Voting Rights Act suit against the District and six named trustees on the same alleged ballot irregularities.

The District retained counsel to represent the trustees other than Rick Rothe, and Rothe's legal counsel represented him in both the state law and the Voting Rights Act claims. *See* Mendez Brief, *supra* note 2, at 1-2. According to Rothe's attorney, once the supplemental petition was filed, "Rothe was required to defend the District's use of the ballot and the voting public's rights stemming from the election." Chunn Brief, *supra* note 3, at 2. After the District voluntarily changed the ballot and precleared the new procedures, plaintiffs dismissed their Voting Rights Act claims against the district and the trustees shortly before the trial began. *See* Mendez Brief, *supra* note 2, at 2. It is unclear whether the Voting Rights Act claim was dismissed as to Rick Rothe. *Compare id.* (voting rights claims dismissed as against trustees, including Rothe) *with* Chunn Brief, *supra* note 3, at 2 (Rothe was not a party to non-suit and voting rights case remained viable against him and required

---

[5]*See* Contestant's Original Petition for Election Contest, Exhibit A, *Koch v. Rothe*, Cause No. 02-05-16001-CV, 38th Dist. Ct. of Medina County at 3 (May 22, 2002) (attachment to Chunn Brief).

[6]*See id.*

[7]*See id.* (Exhibit A).

[8]Mendez Brief, *supra* note 2, at 1.

[9]*See* Contestant's First Supplemental Petition, *supra* note 4, at 1-2.

[10]*See id.* at 5.

[11]*Id.*

a vigorous defense through trial). Rothe asserts "that the situation forced him to make preparations for trial on the potential voting rights issues, as they may have affected him as trustee, as well as for the election contest." Mendez Brief, *supra* note 2, at 2. He has requested the District to reimburse him for the part of his legal expenses related to advice and representation on the voting rights issues. *See id.*

## II.    Applicable Law

A school district board of trustees has authority to employ an attorney to represent the district and the trustees in legal proceedings involving school affairs as a necessary incident of the power to manage and control the district. *See Dallas Indep. Sch. Dist. v. Finlan*, 27 S.W.3d 220, 242 (Tex. App.–Dallas 2000, pet. denied), *cert. denied*, 534 U.S. 949 (2001) (trustees sought declaratory judgment that backup election records were not available to public), *Stewart v. Newton Indep. Sch. Dist.*, 134 S.W.2d 429, 430 (Tex. Civ. App.–Beaumont 1939, no writ) (lawsuit seeking to abrogate contract with superintendent), *Harding v. Raymondville Indep. Sch. Dist.*, 51 S.W.2d 826, 827 (Tex. Civ. App.–San Antonio 1932, writ dism'd w.o.j.) (tax collection), *Arrington v. Jones*, 191 S.W. 361 (Tex. Civ. App.–Texarkana 1917, no writ) (employment of attorney to cancel a teacher's contract).

In certain circumstances, a school district or other political subdivision may pay the costs of defending an officer or employee in a suit brought against the person in an individual capacity for actions taken within the scope of his or her official duties. *See City of Corsicana v. Babb*, 290 S.W. 736 (Tex. Comm'n App. 1927, judgm't adopted) (home-rule city), *White v. Eastland County*, 12 S.W.3d 97, 103 (Tex. App.–Eastland 1999, no pet.) (county); Tex. Att'y Gen. Op. Nos. GA-0062 (2003) at 1 (school district), H-887 (1976) at 4 (general-law city); *see also* TEX. LOC. GOV'T CODE ANN. § 157.901 (Vernon 1999) (county official or employee sued for action arising from the performance of public duty is entitled to representation by district or county attorney). *City of Corsicana v. Babb* addressed such circumstances and held that a city, even though it was not a party to the suit, could pay for an attorney to represent police officers indicted for killing a man while attempting to arrest him. *See City of Corsicana*, 290 S.W. at 736. It is a municipal function to indemnify a city officer against liability incurred by reason of actions taken in performing his official duties, and expenditures for that purpose are not a gratuity, but a public expense of the city for which public funds may be used. *See id.* at 737. Thus, such expenditure does not violate article III, section 52(a) of the Texas Constitution, which provides in part: "Except as otherwise provided by this section, the Legislature shall have no power to authorize any county, city, town, or other political corporation or subdivision of the state . . . to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever." TEX. CONST. art. III, § 52(a). *See White*, 12 S.W.3d at 103 (county's implied power to retain counsel for sheriff in criminal prosecution based on its constitutional and statutory authority to provide law enforcement). "Public money cannot be spent to defend private interests," but "suits may be only nominally against individuals when they are really designed to obstruct or control the legitimate performance of official duties." Tex. Att'y Gen. LA-24 (1973) at 3-4; *see also State v. Averill*, 110 S.W.2d 1173, 1174 (Tex. Civ. App.–San Antonio 1937, writ ref'd), *City of Del Rio v. Lowe*, 111 S.W.2d 1208, 1218-1219 (Tex. Civ. App.–San Antonio 1937), *rev'd on other grounds*, 122 S.W.2d 191 (Tex. 1938) (no public purpose in city commission paying legal fees for city commissioners charged with crimes); Tex. Att'y Gen. Op. No. JC-0294 (2000) at 5, 6 (questions whether courts would now follow *Lowe's* strict prohibition against using public funds to defend public officers in criminal prosecutions).

A city thus has discretionary power to spend its funds to defend a policemen against a charge based upon an act within the scope of his official duties, although it is not required to do so. *See City of Corsicana*, 290 S.W. at 737. This office has determined that school districts have authority, based on their power to govern and oversee the management of the district, to employ an attorney to represent an officer or employee when sued in an individual capacity for actions taken in the scope of his or her employment. *See* Tex. Att'y Gen. Op. No. JM-968 (1988) at 2; *see also* TEX. EDUC. CODE ANN. § 11.151(b) (Vernon 1996). The school board's authority to employ an attorney for a trustee sued in an individual capacity is limited to situations where the district's interests, and not merely the trustee's personal interests, require assertion or defense in court. *See generally State v. Averill*, 110 S.W.2d 1173, 1175 (Tex. Civ. App.–San Antonio 1937, writ ref'd) (home-rule city), *Graves & Houtchens v. Diamond Hill Indep. Sch. Dist.*, 243 S.W. 638, 639 (Tex. Civ. App.–Fort Worth 1922, no writ); Tex. Att'y Gen. Op. No. JM-685 (1987) at 2. The school board must also determine that the officer's or employee's actions forming the basis of the law suit were undertaken in good faith within the scope of an official duty. *See* Tex. Att'y Gen. Op. No. JC-0294 (2000) at 3.

## III.     Question Presented

Rick Rothe has requested the District to reimburse him for the part of his legal expenses related to advice and representation on the voting rights issues. A school district has no legitimate interest in spending public funds to pay a school board member's legal expenses in an election contest, because the lawsuit involves only the trustee's personal interest in seeking office. *See* Tex. Att'y Gen. Op. No. JM-685 (1987) at 5; *see also id.* DM-431 (1997) at 2-3 (county may not reimburse sheriff for attorney fees incurred in defending election contest suit), Kimberly J. Winbush, Annotation, *Payment of Attorneys' Services in Defending Action Brought Against Officials Individually as Within Power or Obligation of Public Body*, 47 A.L.R. 5th 553 (1997).

The school board must deal with the request for reimbursement according to the principles set out above. The board may reimburse the legal expenses of a trustee sued in an individual capacity if it makes a good faith determination that (1) the lawsuit arose out of actions by the trustee that were undertaken within the scope of an official duty, and (2) the expenditure is for the district's interest, and not merely the trustee's personal interests. These circumstances must exist, and the mere fact that the school district may have benefitted from Rothe's defense of the Voting Rights Act claim does not justify reimbursement.

The reimbursement decision requires the investigation and resolution of fact questions, which cannot be done in an attorney general opinion. *See* Tex. Att'y Gen. Op. Nos. GA-0041 (2003) at 6, JM-968 (1988) at 2. The district board of trustees must decide, for example, whether the Voting Rights Act claim raised against Rothe related to actions he took in the scope of a trustee's official responsibility, or only to alleged ballot irregularities affecting his election as trustee. Finally, even if a school district is authorized to reimburse an officer or employee for legal expenses, it has no duty to do so. *See generally White*, 12 S.W.3d at 103 (whether to provide counsel for county officer in criminal case is discretionary with commissioners court).

## S U M M A R Y

A school district may reimburse an officer or employee for the expense of defending a lawsuit only if it determines that (1) the expenditure was for the district's interest and not merely the officer's or employee's personal interest, and (2) the lawsuit arose out of actions by the officer or employee that were undertaken in good faith within the scope of an official duty.

Very truly yours,

GREG ABBOTT
Attorney General of Texas


BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee