**Ronald Burns WHITE, Appellant,**

v.

**EASTLAND COUNTY and Eastland County Commissioners Court, Appellees.**

No. 11–98–00100–CV.

Court of Appeals of Texas, Eastland.

Nov. 10, 1999.

Garry Lewellen, McMillan & Lewellen, Stephenville, for appellant.

Robert Junell, Jackson Walker, Nelita Neves, Small, Craig & Werkenthin, San Angelo, for appellee.

Panel consists of: ARNOT, C.J., and McCALL, J., and McCLOUD, Senior Justice.*

## Opinion

McCALL, Justice.

Appellant, a former Eastland County Sheriff, filed suit against Eastland County and the Eastland County Commissioners Court (Eastland), claiming that Eastland owed appellant a legal duty to provide and pay for his legal defense against criminal charges for removing a privately-built fence blocking access to a county road. From a summary judgment in favor of Eastland, appellant appeals. Because we find that there is no applicable exception to the doctrine of sovereign immunity, we affirm.

### Background Facts

Appellant was the Eastland County Sheriff in September 1995 when the Eastland County Commissioners Court directed him to remove a fence from across a county road because it denied county residents access to a cemetery. Appellant

---

\* Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

removed the fence with the help of a county commissioner, county employees, and county equipment. A grand jury considered the landowner's claims and indicted appellant on misdemeanor charges. Because the Eastland County District Attorney had recused himself, a special prosecutor from the Attorney General's Office pursued the criminal case against appellant.

In January 1996, appellant requested that Eastland provide him with legal representation in connection with the misdemeanor charges. Receiving no response, appellant retained his own counsel but renewed his request to have Eastland retain counsel for him or pay his legal fees. In June 1996, after a few days of trial, the State moved to dismiss the charges. Once the charges were dismissed, appellant again asked for reimbursement of his legal expenses. The Eastland County Auditor requested an opinion from the Texas Attorney General's Office. In Letter Opinion No. 97–065 dated July 7, 1997, the Texas Attorney General's Office stated:

> You first ask whether the State of Texas is obligated to pay the sheriff's legal fees....We find no statute authorizing the defendant to recover the cost of legal representation in a criminal prosecution....[T]he authority of the county to employ attorneys to defend county officers and employees is limited to situations where the legitimate interest of the county, not just the personal interest of the [sheriff], is at stake. This is a question of fact, to be resolved by the commissioners court in the exercise of good faith judgment....The commissioners court may employ an attorney to defend the sheriff in a criminal prosecution pursuant to common law or section 157.901 of the Local Government Code, if the legitimate interest of the county, not just the personal interest of the sheriff, is at stake. The commissioners court may not reimburse the sheriff for his legal fees in the prosecution after he has incurred them.

After receiving the attorney general's letter opinion, Eastland rejected appellant's claim. Appellant then filed this suit. Eastland moved for summary judgment based on: (1) sovereign immunity, including the concept that the commissioners decision involved a discretionary governmental action and (2) Eastland had no duty at common-law or under the Texas Local Government Code to provide appellant with legal counsel. The trial court granted summary judgment for Eastland but did not specify the ground or grounds relied on for its ruling.

### Standard of Review

The standard of review for a summary judgment is well settled. Summary judgment is proper when the movant establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546, 548 (Tex.1985). Where the order of the trial court does not specify the grounds for its summary judgment ruling, the summary judgment opponent must defeat each summary judgment ground urged by the movant. *State Farm Fire & Casualty Company v. S.S. & G.W.*, 858 S.W.2d 374, 380 (Tex.1993); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989).

### Sovereign Immunity

Sovereign or governmental immunity is a common-law rule. Although there are common-law exceptions, sovereign immunity normally applies unless it has been waived by statute. See *Director of the Department of Agriculture and Environment v. Printing Industries Association of Texas*, 600 S.W.2d 264, 265–66 (Tex.1980); *Griffin v. Hawn*, 161 Tex. 422, 341 S.W.2d 151, 152–53 (1960). The doctrine applies to counties. *Harris County v. Gerhart*, 115 Tex. 449, 283 S.W. 139 (1926). Thus, counties while performing governmental functions are immune from suit unless their immunity has been waived by statute or unless there is a common-law

exception. See *Vela v. Cameron County*, 703 S.W.2d 721, 724 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.). Any waiver of immunity must be done by clear and unambiguous language. *University of Texas Medical Branch at Galveston v. York*, 871 S.W.2d 175, 177 (Tex.1994).

■ Although the Texas Tort Claims Act [1] waives sovereign immunity to a limited extent, immunity is still the rule where the act does not apply. *Hopper v. Midland County*, 500 S.W.2d 552, 554 (Tex. Civ.App.—El Paso 1973, writ ref'd n.r.e.). For example, governmental units are immune from liability when exercising discretionary powers. Thus, even in instances where the Texas Tort Claims Act is otherwise applicable, sovereign immunity still applies if the complained of action by the county involved a discretionary governmental act. TEX. CIV. PRAC. & REM. CODE ANN. § 101.056 (Vernon 1997). Most courts have considered the question whether a governmental activity is discretionary to be a legal question to be decided by the court. *Golden Harvest Company, Inc. v. City of Dallas*, 942 S.W.2d 682, 687–88 (Tex.App.—Tyler 1997, writ den'd); *Wenzel v. City of New Braunfels*, 852 S.W.2d 97, 100 (Tex.App.—Austin 1993, no writ); 19 WILLIAM V. DORSANEO, III, TEXAS LITIGATION GUIDE § 293.12[7][c][i] (March 1999).

■ Any duty a county has to provide counsel to its officials and employees must be based on the Texas Constitution and statutes. *Anderson v. Wood*, 137 Tex. 201, 152 S.W.2d 1084, 1085 (1941). TEX. CONST. art. V, § 18 provides in part that a commissioners court "shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State." Texas courts have interpreted this to mean that, although a commissioners court may exercise broad discretion through implied powers in conducting county business, the le-

gal basis for any action taken must be grounded ultimately in the Texas Constitution or statutes. *Canales v. Laughlin*, 147 Tex. 169, 214 S.W.2d 451, 453 (1948); *Renfro v. Shropshire*, 566 S.W.2d 688, 690 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.). These implied powers include the authority to contract with experts when necessary, including attorneys. See *Guynes v. Galveston County*, 861 S.W.2d 861 (Tex.1993); *Pritchard & Abbott v. McKenna*, 162 Tex. 617, 350 S.W.2d 333, 334 (1961) (commissioners court has authority to fund a county legal department for conduct of its civil affairs). If there was a duty on the part of Eastland to provide appellant with counsel against the criminal charges, that duty must be based upon authority found in the Texas Constitution or statutes.

### a. *No Statutory Duty to Provide County Officials or Employees With Counsel To Defend Against Criminal Charges*

■ Appellant argues that Eastland was not entitled to summary judgment because Eastland had a duty to provide appellant legal counsel under the common law and under TEX. LOC. GOV'T CODE ANN. § 157.901 (Vernon 1999). If the county had a legal duty to provide counsel, then sovereign immunity would not apply. Section 157.901 provides:

(a) A county official or employee *sued* by any entity, other than the county with which the official or employee serves, *for an action arising from the performance of public duty is entitled to be represented* by the district attorney of the district in which the county is located, the county attorney, or both.

(b) If additional counsel is necessary or proper in the case of an official or employee provided legal counsel under Subsection (a) *or if it reasonably appears that the act complained of may*

---

1. TEX. CIV. PRAC. & REM. CODE ANN. § 101.001 et seq. (Vernon 1997 & Supp. 1999).

*form the basis for the filing of a criminal charge against the official or employee,* the official or employee is *entitled* to have the commissioners court of the county employ and pay private counsel.

(c) A county official or employee is not required to accept the legal counsel provided in this section. (Emphasis the appellant's)

Appellant contends that the statute provides an exception to the county's sovereign immunity because it creates a duty to provide counsel to a sheriff "if it reasonably appears that the act complained of may form the basis for the filing of a criminal charge" and if the act is one "arising from the performance of public duty." [2] Alternatively, appellant argues that, if Section 157.901(b) does not by itself create a duty, then the term "sued" in Section 157.901(a) includes criminal actions. We disagree with both interpretations.

■ The fundamental and dominant rule controlling the construction of a statute is to ascertain if possible the intention of the legislature expressed by the statute. *Calvert v. British–American Oil Producing Company,* 397 S.W.2d 839, 842 (Tex. 1965). Legislative intent should be ascertained from the entire act, not from isolated portions of the act, any one phrase, clause, or sentence. *City of Mason v. West Texas Utilities Co.,* 150 Tex. 18, 237 S.W.2d 273 (1951); *Kessler v. Texas Employers' Insurance Association,* 421 S.W.2d 133 (Tex.Civ.App.—Eastland 1967, writ ref'd n.r.e.); *Reed v. Waco,* 223 S.W.2d 247, 254 (Tex.Civ.App.—Waco 1949, writ ref'd).

**2.** Appellant also argues that a fact question exists concerning whether the removal of the fence arose from "the performance of a public duty." Because we hold that sovereign immunity protects Eastland as a matter of law, we need not address appellant's arguments concerning fact issues.

■ The impact of Section 157.901 or its predecessors on the employment of private counsel to defend against criminal charges has not been addressed by the courts. [3] There have been attorney general opinions addressing the subject. Although attorney general opinions are entitled to careful consideration, the opinions are merely advisory and are not binding on the courts. *Point Isabel Independent School District v. Hinojosa,* 797 S.W.2d 176, 180 (Tex.App.—Corpus Christi 1990, writ den'd). The opinions and letters advisory are entitled to great weight, however, unless clearly wrong. *Smith v. Panorama Country Club,* 538 S.W.2d 268, 270 (Tex. Civ.App.—Beaumont 1976, no writ).

The first advice is found in Tex. Att'y Gen. LA–24 (1973). It is clear from the Letter Advisory that the purpose of the legislation was to require district and county attorneys to defend public servants except in certain cases and that the legislature was concerned about the constitutionality of imposing additional duties upon them. Prior to the legislation, district and county attorneys had no duty to defend county officials.

Op. Tex. Att'y Gen. No. JM–755 (1987) dealt with TEX. REV. CIV. STAT. art. 332c (1977), the original predecessor of Section 157.901, and concluded that the phrase "if it reasonably appears that the act complained of may form the basis for the filing of a criminal charge" did not provide a separate basis for requiring a county to hire counsel to defend officials against criminal charges:

All of the parts of article 332c must be read together, and the whole of the statute must be harmonized with the paramount purpose of the law.

**3.** *Turner v. Cook,* 502 S.W.2d 824 (Tex.Civ. App.—Corpus Christi 1973, no writ), found that the original version of the statute provided authority for Bee County to retain counsel to defend against a suit brought by constables seeking payment of salaries allegedly due them.

Applying this canon to article 332c, it is simply impossible to read the phrase in section 3–"if it reasonably appears that the act complained of may form the basis for the filing of a criminal charge"–to refer to "acts" other than those specified in a suit instituted by a non-political entity, as referenced in section 2 of the statute. To read the language in section 2 to create an independent basis of authority to furnish legal assistance at public expense would be contrary to both the purpose and tenor of the statute.

\* \* \*

The evident policy of article 332c ... is to provide a modicum of repose for the public servants of the county in the case of *suits brought by private parties.* (Citations omitted)(Emphasis added) [4]

The language in Section 157.901(b) "or if it reasonably appears that the act complained of may form the basis for the filing of a criminal charge against the official or employee" does not create an independent basis of authority to furnish legal counsel but is to be read in its proper context with the rest of the statute. Under the plain language of Section 157.901, before a county is required to provide counsel, the county official or employee must first be sued by an entity other than the county. The county official or employee who has been sued because of an action arising from the performance of his public duty is entitled to be represented by the district attorney, by the county attorney, or by both under Section 157.901(a). The commissioners court may be required by Section 157.901(b) to employ private counsel to represent the county official or employee in the "suit" referred to in Section 157.901(a) if: (1) additional counsel is necessary or proper or (2) the district or county attorney has a conflict because "it reasonably appears that the act complained of may form the basis for the filing of a criminal charge against the official or employee." [5] See 35 TEXAS PRACTICE: COUNTY AND SPECIAL DISTRICT LAW § 2.28 (Supp.1999). The language in Section 157.901(b) clearly states that "additional counsel is necessary or proper in the case of an official or employee ... if it reasonably appears that the act complained of may form the basis for the filing of a criminal charge." The word "act" refers to the "action" in Section 157.901(a) that is the basis of the suit. The additional counsel will be employed to be in the "suit," not in the criminal case.

If the legislature waives sovereign immunity, it must do so by clear and unambiguous language. *University of Texas Medical Branch at Galveston v. York, supra,* at 177. To waive sovereign immunity by creating a statutory duty to provide counsel to defend against criminal charges, the legislature could have easily provided a specific statutory provision calling for representation or indemnification of legal expenses for county officials defending against criminal charges as it has for State employees in TEX. CIV. PRAC. & REM. CODE ANN. § 104.0035 (Vernon 1997). We hold that Section 157.901 does not impose a duty on counties to provide counsel to county officials and employees charged with criminal offenses.

---

**4.** The phrase "in a suit instituted by a non-political entity" in Article 332c was changed to "[a] county official or employee sued by a nonpolitical entity" in Section 157.061 in 1987, and then changed to "[a] county official or employee sued by any entity, other than the county with which the official or employee serves" in the current Section 157.901 in 1989. It is obvious that the legislature was referring to civil suits in each instance.

**5.** It was even clearer under Section 157.061, the immediate predecessor to Section 157.901, that the statute did not include criminal actions. Section 157.061(a) provided that "[a] county official or employee sued by a nonpolitical entity" and Section 157.061(d) provided that "[i]n this section, 'nonpolitical entity'... does not include the state." The rewording of (a) did not change the legislative intent to limit the hiring of private counsel to civil suits.

### b. *No Common–Law Duty to Provide County Officials or Employees With Counsel To Defend Against Criminal Charges*

An early Texas case recognized and dealt with the policy dilemma inherent in deciding when to provide publicly-funded counsel to county or municipal employees charged with a crime. In *City of Corsicana v. Babb*, 290 S.W. 736, (Tex. Comm'n App.1927, judgm't adopted), two policemen shot a man while trying to arrest him. Later, the policemen were indicted by the grand jury for murder. The city commission employed an attorney to defend them. Two taxpayers sought an injunction to restrain the City of Corsicana from paying the policemen's legal fees. The district court granted the injunction, and the court of appeals affirmed. The Texas Commission of Appeals reversed and rendered judgment for the city, reasoning:

> A city ... is invested with the discretionary power to employ attorneys to defend one of its policemen against a criminal charge founded upon an act done by such officer in the bona fide performance of his official duties. In such a case the city is under no duty or obligation to employ an attorney, or to indemnify the officer for the payment of his fees; but, if it do[es] employ the attorney, the municipality becomes legally bound to pay his compensation.

TEX. CONST. art. III, § 52 prohibits the use of public money to aid any individual or private interest except in limited circumstances, and TEX. CONST. art. III, § 53 provides that the legislature has no power to authorize any county to grant any extra compensation, fee or allowance to a public officer. In *State v. Averill*, 110 S.W.2d 1173, 1174 (Tex.Civ.App.—San Antonio 1937, writ ref'd), and *City of Del Rio v. Lowe*, 111 S.W.2d 1208, 1218–1219 (Tex. Civ.App.—San Antonio 1937), *rev'd on other grounds*, 132 Tex. 111, 122 S.W.2d 191 (1938), the courts held that these constitutional provisions made it unlawful for a city commission to pay out public funds for attorneys to defend commissioners against criminal prosecutions even if the commissioners were acting in their official capacity. The *Lowe* court distinguished *Babb* by noting that *Babb* was based upon the theory that the protection of law enforcement officers in the good faith discharge of their duties may result in better law enforcement and that the use of city funds for such protection is a public purpose. The court found that there was no public purpose in the city paying legal fees for city commissioners charged with crimes and that the city commissioners also had a conflict in approving payment of their own attorney fees.

Under *Babb*, Eastland had the implied power to retain counsel for appellant because of its constitutional and statutory authority to provide law enforcement, but it chose not to provide counsel for appellant. That a county has the implied discretionary power to provide counsel does not translate into a duty being imposed upon the county.

The case of *Crider v. Cox*, 960 S.W.2d 703 (Tex.App.—Tyler 1997, writ den'd), supports our conclusion that Eastland had no duty to provide or pay counsel for appellant. In *Crider*, the county judge was indicted on six misdemeanor counts of attempting to secure the dismissal of traffic tickets. The indictment was successfully quashed, and the judge's attorney presented his bill to the county auditor. Without the auditor's approval, the commissioners court voted to pay the bill. The auditor refused to pay the attorney's bill, and the commissioners court voted to rescind their order approving payment of the bill. The attorney then filed a mandamus proceeding in the district court against the auditor to compel her to approve his bill. Affirming denial of the mandamus, the appellate court concluded that the trial court correctly ruled that the auditor's prior approval was required before the commissioners could consider the

attorney's bill and that her approval involved discretion.

Here, neither the Eastland auditor nor the Eastland commissioners ever approved appellant's request. Whether of not to hire attorneys is a discretionary policy decision; hence, Eastland was protected by sovereign immunity. The characterization of an action as one involving governmental policy and discretion to determine the applicability of sovereign immunity ends our inquiry. We need not review Eastland's decision against an "abuse of discretion" standard as appellant contends. The discretionary function exception to waiver of sovereign immunity is designed to avoid judicial review of governmental policy decisions. *Bennett v. Tarrant County Water Control and Improvement District Number One*, 894 S.W.2d 441 (Tex.App.—Fort Worth 1995, writ den'd).

### Conclusion

We hold that summary judgment for Eastland was properly based on sovereign immunity because: (1) there is no statutory or common-law waiver of immunity and (2) the decision to provide or not provide counsel is one of governmental policy and discretion.

We recognize that appellant was simply carrying out a mandate by the commissioners court to remove the fence. Courts and state legislatures have struggled with the question of whether governmental units have a duty or the power to reimburse officials, especially law enforcement officers, for their legal fees and, if so, under what conditions. In other jurisdictions, both statutory and common law generally authorize reimbursement only if the underlying suit or criminal charge arose out of the good faith discharge of an official duty in which the government or public had an interest and if the official prevailed in that suit. Many state courts, like Texas, have found that there is a discretionary power to reimburse officials for their legal fees, but others have found a duty of reimbursement where the official

was successful. See Kimberly J. Winbush, Annotation, *Payment of Attorneys' Services in Defending Action Brought Against Officials Individually as Within Power or Obligation of Public Body*, 47 A.L.R. 5th 553 (1997).

The policy issues are best considered by our legislature. The Texas legislature has addressed the problem of frivolous lawsuits against county employees and their cost of counsel in Section 157.901. Although there may be more safeguards against criminal actions being filed than civil lawsuits, the legislature may wish to consider when or if county officials and employees should be entitled to reimbursement for legal fees spent in defending against criminal charges arising out of actions clearly done in the scope of their duties.

The judgment of the trial court is affirmed.