TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00421-CV






Forrest N. Welmaker, Jr., Appellant




v.




The Honorable Henry Cuellar,(1) Texas Secretary of State, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 99-13046, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING







 In 1999, attorney Forrest N. Welmaker attempted to form a professional association
for the practice of law under the Texas Professional Association Act. Tex. Rev. Civ. Stat. Ann.
art. 1528f (West 1997 & Supp. 2001) ("TPAA"). The Secretary of State (the "Secretary") refused
to file the proposed articles of association on the basis that attorneys must form a professional
corporation, rather than professional association, using the Texas Professional Corporation Act. 
Tex. Rev. Civ. Stat. Ann. art. 1528e (West 1997 & Supp. 2001) ("Professional Corporation Act"). 
Welmaker filed suit for declaratory judgment challenging the Secretary's rejection of his TPAA
filing. The parties filed opposing motions for summary judgment. The district court granted the
Secretary's motion and denied Welmaker's motion. In one issue on appeal, Welmaker argues that
the district court erred in failing to find lawyers can form professional associations under the
provisions of the TPAA. We will affirm the district-court judgment.


Discussion



 The TPAA and the Professional Corporation Act were enacted during the sixty-first
session of the legislature. See Texas Professional Association Act, 61st Leg., R.S., ch. 840, § 1,
1969 Tex. Gen. Laws 2513-2518; Texas Professional Corporation Act, 61st Leg., R.S., ch. 779,
§ 1, 1969 Tex. Gen. Laws 2304-09.(2) The acts had different effective dates, however. The TPAA
was effective June 18, 1969; the Professional Corporation Act January 1, 1970.

 The TPAA allows licensed professionals to form an association for the purpose of
performing "professional services." TPAA § 2(A). The TPAA defines "professional service" as
"any type of personal service to the public which requires as a condition precedent to the rendering
of such service the obtaining of a license, and which service by law cannot be performed by a
corporation." TPAA § 3 (emphasis added). The TPAA also provides: "The manner in which
lawyers practice law under this Act is subject to the powers of the Supreme Court to regulate the
practice of law." TPAA § 11.

 The Professional Corporation Act provides for the formation of professional
corporations to deliver certain professional services. Professional Corporation Act § 3(b). The
Professional Corporation Act defines "professional service" as "any type of personal service which
requires as a condition precedent to the rendering of such service, the obtaining of a license, . . .
and which prior to the passage of this Act and by reason of law, could not be performed by a
corporation, including . . . attorneys-at-law . . . ." Professional Corporation Act § 3(a). The
Professional Corporation Act excluded doctors of medicine from its scope because established
precedents allowed them to associate for the practice of medicine in joint stock companies. 
Professional Corporation Act § 3(a).(3)

 Welmaker argues that attorneys perform a service requiring a license, which brings
them within the TPAA. TPAA § 2(A). He also relies on TPAA section eleven, concerning the
regulation of the practice of law, to mean that attorneys can form professional associations as well
as professional corporations because otherwise section eleven's language is surplusage. TPAA
§ 11. The Secretary argues that it is possible, based on the plain language of the statutes and their
effective dates, to conclude the acts are mutually exclusive and still give meaning to every section
of each act.

 The TPAA was effective first. At the time of its effective date, lawyers could not
form corporations through which to deliver legal services. Accordingly, based on the plain
language of the TPAA, lawyers could form professional associations. Therefore, section eleven
clarifying the regulation of the practice of law had meaning.

 On and after January 1, 1970, however, attorneys were authorized to form 
corporations for the delivery of their services. As of that date, the services provided by attorneys
no longer met the definition of professional services in the TPAA. However, no provisions in the 
Professional Corporation Act terminated the existence of any professional association of attorneys
created between June 18, 1969 and January 1, 1970. Under the provisions of the TPAA, these
associations continue until dissolved. TPAA §§ 18, 19, 20. Section eleven remains necessary to
cover this "gap" period between the effective dates of the TPAA and the Professional Corporation
Act. That only a small number of entities might be covered does not render the language
superfluous or meaningless.(4)

 The Attorney General has interpreted the Professional Corporation Act and the
TPAA as mutually exclusive--attorneys and other professionals who can incorporate under the
Corporations Act ceased to be covered by the TPAA upon the effective date of the Professional
Corporation Act unless they were one of a few specifically enumerated health-care professionals
who had the option to choose either. Op. Tex. Att'y Gen. No. M-551 at 4 (1970). Although
opinions of the attorney general are merely advisory and not binding on the courts, they are
entitled to careful consideration. White v. Eastland County, 12 S.W.3d 97, 101 (Tex.
App.--Eastland 1999, no pet.); cf. Hammerman & Gainer, Inc. v. Bullock, 791 S.W.2d 330, 333-34 (Tex. App.--Austin 1990, no writ) ("attorney general's opinions are often said to carry 'great
weight'"); Plainview Indep. Sch. Dist. v. Edmonson Wheat Growers, Inc., 681 S.W.2d 299, 302
(Tex. App.--Amarillo 1984, writ ref'd n.r.e.) (attorney general's opinions "have a highly
persuasive value").(5) The attorney general's opinion is consistent with the language of the acts. 
The Secretary has consistently interpreted the TPAA as inapplicable to attorneys, a reasonable
interpretation that is not inconsistent with the legislative intent as expressed in the language of the
statute.(6) We overrule Welmaker's issue.


Conclusion



 The Secretary of State's interpretation of the TPAA and Professional Corporation
Act has been consistent and is in accordance with the language of the statutes. We affirm the
district-court judgment.



 

 Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Jones*

Affirmed

Filed: February 15, 2001

Publish














* Before J. Woodfin Jones, Justice (former), Third Court of Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 75.003(a)(1) (West 1998).

1. This appeal was originally filed in the name of the predecessor to the present Secretary of
State. We have substituted the current holder of that office as the correct party to this proceeding. 
See Tex. R. App. P. 7.2(a).
2. Although the Acts have been subsequently amended, the relevant language has remained the
same. Accordingly, the current statutes are cited for convenience.
3. In 1985, the Professional Corporation Act was amended to give specific definitions for
professional legal services and professional legal corporations. See Act of May 26, 1985, 69th
Leg., R.S., ch. 371, § 1, 1985 Tex. Gen. Laws 1443.
4. The Secretary of State's office apparently accepted filings under the TPAA from any
professional group during this period. See Robert W. Hamilton, Corporations and Partnerships,
24 Sw. L.J. 91, 96 (1970) (discussion of draftsmanship problems in TPAA and Professional
Corporation Act).
5. See also M-1185 (1972) and MW-99 (1979) (Professional Corporation Act and Business
Corporation Act intended to be mutually exclusive).
6. The Secretary also argues that the legislative history of the statute supports his position. 
However, we conclude that the statute's language is clear, and we need not use legislative history
to assist in the interpretation. See Jones v. Del Andersen & Assocs., 539 S.W.2d 348, 350 (Tex.
1976) (in determining legislative intent, court begins with the language of the statute itself);
Renaissance Park v. Davila, 27 S.W.3d 252, 256 (Tex. App.--Austin 2000, no pet.).


ofessional association of attorneys
created between June 18, 1969 and January 1, 1970. Under the provisions of the TPAA, these
associations continue until dissolved. TPAA §§ 18, 19, 20. Section eleven remains necessary to
cover this "gap" period between the effective dates of the TPAA and the Professional Corporation
Act. That only a small number of entities might be covered does not render the language
superfluous or meaningless.(4)

 The Attorney General has interpreted the Professional Corporation Act and the
TPAA as mutually exclusive--attorneys and other professionals who can incorporate under the
Corporations Act ceased to be covered by the TPAA upon the effective date of the Professional
Corporation Act unless they were one of a few specifically enumerated health-care professionals
who had the option to choose either. Op. Tex. Att'y Gen. No. M-551 at 4 (1970). Although
opinions of the attorney general are merely advisory and not binding on the courts, they are
entitled to careful consideration. White v. Eastland County, 12 S.W.3d 97, 101 (Tex.
App.--Eastland 1999, no pet.); cf. Hammerman & Gainer, Inc. v. Bullock, 791 S.W.2d 330, 333-34 (Tex. App.--Austin 1990, no writ) ("attorney general's opinions are often said to carry 'great
weight'"); Plainview Indep. Sch. Dist. v. Edmonson Wheat Growers, Inc., 681 S.W.2d 299, 302
(Tex. App.--Amarillo 1984, writ ref'd n.r.e.) (attorney general's opinions "have a highly
persuasive value").(5) The attorney general's opinion is consistent with the language of the acts. 
The Secretary has consistently interpreted the TPAA as inapplicable to attorneys, a reasonable
interpretation that is not inconsistent with the legislative intent as expressed in the language of the
statute.(6) We overrule Welmaker's issue.


Conclusion



 The Secretary of State's interpretation of the TPAA and Professional Corporation
Act has been consistent and is in accordance with the language of the statutes. We affirm the
district-court judgment.



 

 Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Jones*

Affirmed

Filed: February 15, 2001

Publish














* Before J. Woodfin Jones, Justice (former), Third Court of Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 75.003(a)(1) (West 1998).

1. This appeal was originally filed in the name of the predecessor to the present Secretary of
State. We have substituted the current holder of that office as the correct party to this proceeding. 
See Tex. R. App. P. 7.2(a).
2. Although the Acts have been subsequently amended, the relevant language has remained the
same. Accordingly, the current statutes are cited for convenience.
3. In 1985, the Professional Corporation Act was amended to give specific definitions for
professional legal services and professional legal corporations. See Act of May 26, 1985, 69th
Leg., R.S., ch. 371, § 1, 1985 Tex. Gen. Laws 1443.
4. The Secretary of State's office apparently accepted filings under the TPAA from any
professional group during this period. See Robert W. Hamilton, Corporations and Partnerships,
24 Sw. L.J. 91, 96 (1970) (discussion of draftsmanship problems in TPAA and Professional
Corporation Act).
5. See also M-1185 (1972) and MW-99 (1979) (Professional Corporation Act and Business
Corporation Act intended to be mutually exclusive).
6. The Secretary also argues that the legislative history of the statute supports his position. 
However, we conclude that the statute's language is clear, and we need not use legislative history
to assist in the interpretation. See Jones v. Del Andersen & Assocs., 539 S.W.2d 348, 350 (Tex.
1976) (in determining legislative intent, court begins with the language of the statute itself);
Renaissance Park v. Davila, 27 S.W.3d 252, 256 (Tex. App.--Austin 2000, no pet.).


ofessional association of attorneys
created between June 18, 1969 and January 1, 1970. Under the provisions of the TPAA, these
associations continue until dissolved. TPAA §§ 18, 19, 20. Section eleven remains necessary to
cover this "gap" period between the effective dates of the TPAA and the Professional Corporation
Act. That only a small number of entities might be covered does not render the language
superfluous or meaningless.(4)

 The Attorney General has interpreted the Professional Corporation Act and the
TPAA as mutually exclusive--attorneys and other professionals who can incorporate under the
Corporations Act ceased to be covered by the TPAA upon the effective date of the Professional
Corporation Act unless they were one of a few specifically enumerated health-care professionals
who had the option to choose either. Op. Tex. Att'y Gen. No. M-551 at 4 (1970). Although
opinions of the attorney general are merely advisory and not binding on the courts, they are
entitled to careful consideration. White v. Eastland County, 12 S.W.3d 97, 101 (Tex.
App.--Eastland 1999, no pet.); cf. Hammerman & Gainer, Inc. v. Bullock, 791 S.W.2d 330, 333-34 (Tex. App.--Austin 1990, no writ) ("attorney general's opinions are often said to carry 'great
weight'"); Plainview Indep. Sch. Dist. v. Edmonson Wheat Growers, Inc., 681 S.W.2d 299, 302
(Tex. App.--Amarillo 1984, writ ref'd n.r.e.) (attorney general's opinions "have a highly
persuasive value").(5) The attorney general's opinion is consistent with the language of the acts. 
The Secretary has consistently interpreted the TPAA as inapplicable to attorneys, a reasonable
interpretation that is not inconsistent with the legislative intent as expressed in the language of the
statute.(6) We overrule Welmaker's issue.


Conclusion



 The Secretary of State's interpretation of the TPAA and Professional Corporation
Act has been consistent and is in accordance with the language of the statutes. We affirm the
district-court judgment.



 

 Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Jones*

Affirmed

Filed: February 15, 2001

Publish














* Before J. Woodfin Jones, Justice (former), Third Court of Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 75.003(a)(1) (West 1998).

1. This appeal was originally filed in the name of the predecessor to the present Secretary of
State. We have substituted the current holder of that office as the correct party to this proceeding. 
See Tex. R. App. P. 7.2(a).
2. Although the Acts have been subsequently amended, the relevant language has remained the
same. Accordingly, the current statutes are cited for convenience.
3. In 1985, the Professional Corporation Act was amended to give specific definitions for
professional legal services and professional legal corporations. See Act of May 26, 1985, 69th
Leg., R.S., ch. 371, § 1, 1985 Tex. Gen. Laws 1443.
4. The Secretary of State's office apparently accepted filings under the TPAA from any
professional group during this period. See Robert W. Hamilton, Corporations and Partnerships,
24 Sw. L.J. 91, 96 (1970) (discussion of draftsmanship problems in TPAA and Professional
Corporation Act).
5. See also M-1185 (1972) and MW-99 (1979) (Professional Corporation Act and Business
Corporation Act intended to be mutually exclusive).
6. The Secretary also argues that the legislative history of the statute supports his position. 
However, we conclude that the statute's language is clear, and we need not use legislative history
to assist in the interpretation. See Jones v. Del Andersen & Assocs., 539 S.W.2d 348, 350 (Tex.
1976) (in determining legislative intent, court begins with the language of the statute itself);
Renaissance Park v. Davila, 27 S.W.3d 252, 256 (Tex. App.--Austin 2000, no pet.).


ofessional association of attorneys
created between June 18, 1969 and January 1, 1970. Under the provisions of the TPAA, these
associations continue until dissolved. TPAA §§ 18, 19, 20. Section eleven remains necessary to
cover this "gap" period between the effective dates of the TPAA and the Professional Corporation
Act. That only a small number of entities might be covered does not render the language
superfluous or meaningless.(4)

 The Attorney General has interpreted the Professional Corporation Act and the
TPAA as mutually exclusive--attorneys and other professionals who can incorporate under the
Corporations Act ceased to be covered by the TPAA upon the effective date of the Professional
Corporation Act unless they were one of a few specifically enumerated health-care professionals
who had the option to choose either. Op. Tex. Att'y Gen. No. M-551 at 4 (1970). Although
opinions of the attorney general are merely advisory and not binding on the courts, they are
entitled to careful consideration. White v. Eastland County, 12 S.W.3d 97, 101 (Tex.
App.--Eastland 1999, no pet.); cf. Hammerman & Gainer, Inc. v. Bullock, 791 S.W.2d 330, 333-34 (Tex. App.--Austin 1990, no writ) ("attorney general's opinions are often said to carry 'great
weight'"); Plainview Indep. Sch. Dist. v. Edmonson Wheat Growers, Inc., 681 S.W.2d 299, 302
(Tex. App.--Amarillo 1984, writ ref'd n.r.e.) (attorney general's opinions "have a highly
persuasive value").(5) The attorney general's opinion is consistent with the language of the acts. 
The Secretary has consistently interpreted the TPAA as inapplicable to attorneys, a reasonable
interpretation that is not inconsistent with the legislative intent as expressed in the language of the
statute.(6) We overrule Welmaker's issue.


Conclusion



 The Secretary of State's interpretation of the TPAA and Professional Corporation
Act has been consistent and is in accordance with the language of the statutes. We affirm the
district-court judgment.



 

 Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Jones*

Affirmed

Filed: February 15, 2001

Publish














* Before J. Woodfin Jones, Justice (former), Third Court of Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 75.003(a)(1) (West 1998).

1. This appeal was originally filed in the name of the predecessor to the present Secretary of
State. We have substituted the current holder of that office as the correct party to this proceeding. 
See Tex. R. App. P. 7.2(a).
2. Although the Acts have been subsequently amended, the relevant language has remained the
same. Accordingly, the current statutes are cited for convenience.
3. In 1985, the Professional Corporation Act was amended to give specific definitions for
professional legal services and professional legal corporations. See Act of May 26, 1985, 69th
Leg., R.S., ch. 371, § 1, 1985 Tex. Gen. Laws 1443.
4. The Secretary of State's office apparently accepted filings under the TPAA from any
professional group during this period. See Robert W. Hamilton, Corporations and Partnerships,
24 Sw. L.J. 91, 96 (1970) (discussion of draftsmanship problems