ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

March 5, 2007

Ms. Margie Ainsworth
Interim Auditor
San Jacinto County
1 State Highway 150, Room B1
Coldspring, Texas 77331

Opinion No. GA-0523

Re: County's payment of legal fees of a
criminal district attorney charged with criminal
offenses (RQ-0461-GA)

Dear Ms. Ainsworth:

Your predecessor informed us that over the last few years, several local officials and employees in San Jacinto County were defendants in diverse civil and criminal litigation.[1] His request letter recounts that a number of such criminal charges, including charges against the criminal district attorney for the county, resulted in acquittal or dismissal. *See* Request Letter, *supra* note 1, at 2. Some of these officials and employees sought reimbursement for attorneys fees incurred in defending these matters. *See id.* Given these circumstances, your predecessor asked whether the state or the county may reimburse a criminal district attorney's legal fees incurred in connection with official duties, whether the commissioners court may reimburse unbudgeted legal fees of county officials without finding the existence of "a grave public necessity," and whether the county "would expose itself to liability" if it pays the legal bills of some of the officials but not others. *See id.* at 2–3.

The request letter states that the county has not had a policy in the past to pay legal fees for county officials charged with criminal offenses. *See id.* at 1. In work-related civil actions, the county's insurance carrier has generally provided county officials with a defense, although in one instance a commissioner had to pay for his own defense in a suit arising out of an accident involving the commissioner's private trailer used to move county equipment. *See id.* at 1, 3. Recently, however, the commissioners court adopted a policy that "[i]f and when an elected county official of San Jacinto County, [S]tate of Texas incurs [certain civil or criminal legal] expenses and meets [specific] criteria . . . , those expenses will be reimbursed by the county."[2]

---

[1]*See* Letter from Mr. Ray Stelly, C.P.A., San Jacinto County Auditor, to Honorable Greg Abbott, Attorney General of Texas, at 1–2 (Mar. 6, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]REIMBURSEMENT OF LEGAL EXPENSES FOR ELECTED COUNTY OFFICIALS, submitted by Mr. Ray Stelly, C.P.A., San Jacinto County Auditor, to Honorable Greg Abbott, Attorney General of Texas (Mar. 6, 2006) (submitted as part of Request Letter, on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Reimbursement Policy].

First, we are asked generally whether the criminal district attorney for San Jacinto County would be covered by chapter 104 of the Texas Civil Practice and Remedies Code, concerning the indemnification and defense of state officials in various circumstances. *See* Request Letter, *supra* note 1, at 2; *see also* TEX. CIV. PRAC. & REM. CODE ANN. §§ 104.001–.002, .0035, .004–.005 (Vernon 2005); TEX. GOV'T CODE ANN. § 44.304 (Vernon 2004) (creating the office of criminal district attorney for San Jacinto County). Chapter 104 covers "an employee, a member of the governing board, or any other officer of a state agency, institution, or department." TEX. CIV. PRAC. & REM. CODE ANN. § 104.001(1) (Vernon 2005). The chapter does not define "state agency, institution, or department," nor has any court construed the phrase in the context of chapter 104. However, a criminal district attorney must be considered to be an employee or officer of a "state agency, institution, or department" for chapter 104 to apply. *Id.*

Article V, section 21 of the Texas Constitution provides for criminal district attorneys, as well as district attorneys and county attorneys. *See* TEX. CONST. art. V, § 21. The Legislature has created the offices of criminal district attorneys by county. *See* TEX. GOV'T CODE ANN. § 44.001 (Vernon 2004) (providing that the voters of specified counties shall elect criminal district attorney). As the Legislature provides, a resident criminal district attorney performs the duties of county attorneys. *See Neal v. Sheppard*, 209 S.W.2d 388, 390 (Tex. Civ. App.—Texarkana 1948, writ ref'd) (stating "A resident criminal district attorney acts in lieu of the county attorney and necessarily would perform the duties of the county attorney in both civil and criminal matters."). And the geographic jurisdiction of the criminal district attorney is San Jacinto County rather than statewide. *See, e.g.*, TEX. GOV'T CODE ANN. § 44.304 (Vernon 2004). We therefore conclude that the criminal district attorney is not an employee or officer of a "state agency, institution, or department" for purposes of chapter 104. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 104.001 (Vernon 2005). *Cf. Crane v. State*, 766 F.2d 193, 195 (5th Cir. 1985), *cert. denied sub. nom., Dallas County v. Crane*, 474 U.S. 1020 (1985) (finding a district attorney to be a county official for purposes of county liability due to the district attorney's local election, funding, powers, and duties); *Hill County v. Sheppard*, 178 S.W.2d 261, 263 (Tex. 1944) (criminal district attorney is a "class or kind" of district attorney). As a criminal district attorney is not a covered person under section 104.001, a criminal district attorney is not entitled to be defended by the attorney general or receive reimbursement of defense costs under that chapter. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 104.001–.005 (Vernon 2005).

Next, we are asked broadly if the county is responsible for the criminal district attorney's criminal defense. *See* Request Letter, *supra* note 1, at 2. As a court has determined, however, a county does not have a general duty to provide for the criminal defense of any of its officers and employees. *See White v. Eastland County*, 12 S.W.3d 97, 102 (Tex. App.—Eastland 1999, no pet.). A pertinent statute, section 157.901 of the Local Government Code, requires a county to employ and pay for private counsel to represent a county official or employee in an action arising out of the performance of public duties. *See* TEX. LOC. GOV'T CODE ANN. § 157.901 (Vernon 1999). The court in *White* determined that section 157.901 creates a duty to provide for a defense in civil cases, but does not create a duty to defend an official or employee against a criminal charge. *See White*,

12 S.W.3d at 102.[3] The court in *White* also determined that the common law does not impose a duty on a county to pay for the criminal defense of its officers and employees. *Id.* at 103. Consistently with the opinion in *White*, we conclude that a county does not have either a statutory or common-law duty to provide for criminal defense expenses of an officer or employee.

The reimbursement policy adopted by the commissioners court that was included with the request letter represents another potential source of duty to reimburse an officer's or employee's criminal defense costs. Reimbursement Policy, *supra* note 2, at 1. Although a county has no statutory or common-law duty to provide or pay for criminal representation of its officers or employees, it has the discretion to do so for certain kinds of claims. *See White*, 12 S.W.3d at 102–03 (discussing discretionary authority of county to pay employee or officer's criminal legal fees when it serves a public purpose); *see also* Tex. Att'y Gen. Op. No. JC-0294 (2000) at 9 (discussing limits on a city's discretion to pay criminal defense expenses). The policy adopted by the commissioners court states that legal expenses meeting certain criteria "will be reimbursed by the county." Reimbursement Policy, *supra* note 2, at 1. We cannot say as a matter of law whether the policy makes the county legally responsible for the criminal district attorney's legal fees, however. The answer to that question would require a construction of the policy and resolution of fact questions, which are matters for the commissioners court to determine in the first instance. *See* Tex. Att'y Gen. Op. Nos. GA-0433 (2006) at 1 (stating that this office generally refrains from construing ordinances); GA-0308 (2005) at 3 (approval of requested expenditure is a matter for commissioners court to determine in the first instance). Consequently, we do not opine on whether the county policy identified in this request requires the reimbursement of the criminal district attorney's legal expenses in this instance.

We are also asked whether the commissioners court could pay any of these officials' legal bills from the current budget only upon finding the existence of "a grave public necessity." Request Letter, *supra* note 1, at 2. The request letter states that "payment of the bill is not budgeted." *Id.* Local Government Code section 111.010 governs this question. *See* TEX. LOC. GOV'T CODE ANN. § 111.010 (Vernon 1999). A commissioners court must "spend county funds only in strict compliance with the budget, except in an emergency." *Id.* § 111.010(b). The court may amend the original budget for an emergency item "only in a case of grave public necessity to meet an unusual and unforeseen condition that could not have been included in the original budget through the use of reasonably diligent thought and attention." *Id.* § 111.010(c). Assuming that no budget item corresponds to the payment of the legal expenses of an individual or individuals, it is correct that the county may pay the bills from the current budget only by amending the budget upon the commissioners court's finding of a grave public necessity consistent with section 111.010(c). *See* Tex. Att'y Gen. Op. No. GA-0426 (2006) at 7.

Finally, we are asked whether the county may pay legal bills in some instances but not in others. *See* Request Letter, *supra* note 1, at 3. A county's "decision to provide or not provide

---

[3]Additionally, this office observed that the statutory predecessor to section 157.901 of the Local Government Code applied to county officers and employees but not to a district attorney who is a district officer. *See* Tex. Att'y Gen. Op. No. MW-252 (1980) at 2.

counsel is one of governmental policy and discretion." *White*, 12 S.W.3d at 104 (discussing a county's discretion to defend a sheriff from criminal charges). Provided that the official or employee is not found guilty, the commissioners court may reimburse criminal defense costs upon its determination that the prosecution was for an act performed in the bona fide performance of official duties and that the expenditure will serve a public interest and not merely an officer's or employee's private interest. *See* Tex. Att'y Gen. Op. No. JC-0294 (2000) at 1, 2–3. Consequently, within these bounds, the commissioners court has discretion to determine whether to pay legal bills in some instances but not in others, subject to judicial review.

## S U M M A R Y

A criminal district attorney is not a person covered by chapter 104 of the Civil Practice and Remedies Code and is not entitled to be defended by the attorney general or receive reimbursement of defense costs under the chapter. A commissioners court has discretion to pay for a person's legal expenses in a criminal matter upon findings that the payment furthers a county purpose and that the prosecution was for an act performed in the bona fide performance of official duties. After approving its budget, a county may not pay for unbudgeted legal defense expenses without a finding of grave public necessity.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee