
September 28, 2015

The Texas Constitution and sections 402.042 and 402.043 of the Government Code grant the attorney general authority to issue attorney general opinions. An attorney general opinion is a written interpretation of existing law. The development of an attorney general opinion is an involved and thorough process involving many layers of comprehensive review. Attorney general opinions do not necessarily reflect the attorney general's personal views, nor does the attorney general in any way "rule" on what the law should say. As have those that have come before it, this administration strives to craft opinions with the greatest level of legal accuracy and without any hint of impropriety.

By its very nature, the attorney general opinion process invites a variety of legal issues to be brought before our office for analysis and review. The questions asked are outside the scope of this office's control, and some of the questions to be addressed may raise actual or perceived conflicts of interest for the Attorney General and his staff. Consistent with applicable statutes and rules, staff members involved in the opinion process must recuse themselves from matters in which there may exist an actual or perceived conflict of interest. Accordingly, pursuant to section 402.001 of the Government Code, I delegate my signature authority in the attorney general opinion process to the First Assistant Attorney General, Charles E. Roy, for those opinions in which I may have an actual or perceived conflict of interest or in which my involvement gives even the appearance of impropriety. Any such opinion signed by the First Assistant under this delegation carries the full force of an attorney general opinion.

Very truly yours,

KEN PAXTON
Attorney General of Texas



September 28, 2015

The Honorable Shane Britton
Brown County Attorney
200 South Broadway
Brownwood, Texas 76801

Dear Mr. Britton:

In the process of reviewing this matter, this office concludes there could be an actual or perceived conflict of interest such that the Attorney General has recused himself from any participation in the matter. Accordingly, pursuant to Government Code section 402.001 and the authority delegation issued by the Attorney General on September 28, 2015, the First Assistant Attorney General will sign this opinion. Any such recusal is intended to go beyond the letter and spirit of the governing law and rules in order to avoid even the appearance of impropriety and to demonstrate our ongoing commitment to the highest ethical standards.

Very truly yours,

Charles E. Roy
First Assistant Attorney General

CER:ac



KEN PAXTON

ATTORNEY GENERAL OF TEXAS

September 28, 2015

The Honorable Shane Britton
Brown County Attorney
200 South Broadway
Brownwood, Texas 76801

Opinion No. KP-0037

Re: Authority of a county to reimburse a county commissioner for legal costs related to defending against criminal allegations for which the commissioner was found not guilty (RQ-0018-KP)

Dear Mr. Britton:

You tell us that a Brown County commissioner was indicted for a criminal offense but was found not guilty after a jury trial.[1] The commissioner is now asking the county for reimbursement of his legal costs. *See* Request Letter at 1. On behalf of the county auditor, you inquire whether, under section 157.901 of the Local Government Code or the common law, Brown County (the "County") may reimburse the commissioner for the legal expenses he incurred in his defense. *See id.* We consider section 157.901 and the common law in turn.

Section 157.901 of the Local Government Code provides that

> (a) A county official or employee sued by an entity, other than the county with which the official or employee serves, for an action arising from the performance of public duty is entitled to be represented by the district attorney of the district in which the county is located, the county attorney, or both.

> (b) If additional counsel is necessary or proper in the case of an official or employee provided legal counsel under Subsection (a) or if it reasonably appears that the act complained of may form the basis for the filing of a criminal charge against the official or employee, the official or employee is entitled to have the commissioners court of the county employ and pay private counsel.

TEX. LOC. GOV'T CODE ANN. § 157.901(a)–(b) (West 2008). A Texas court of appeals has determined that "[s]ection 157.901 does not impose a duty on counties to provide counsel to county officials and employees charged with criminal offenses." *White v. Eastland Cnty.*, 12 S.W.3d 97,

---

[1]*See* Letter from Honorable Shane Britton, Brown Cnty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Mar. 16, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

102 (Tex. App.—Eastland 1999, no pet.) (construing section 157.901's statutory predecessors). The *White* court determined that subsection (b)'s phrase, "if it reasonably appears that the act complained of may form the basis for the filing of a criminal charge against the official or employee," referred back to the instituted civil "suit" mentioned in subsection (a). *Id.* at 102 & n.4. The court explained that the phrase did not "create an independent basis of authority to furnish legal assistance at public expense," and to construe it otherwise would be contrary to the purpose of the statute. *Id.* at 102 (quoting Tex. Att'y Gen. Op. No. JM-755 (1987) at 4). The court held that section 157.901 imposes no duty on a county to provide or pay for costs that an officer or employee incurs in defense of criminal charges. *Id.*; *see also* Tex. Att'y Gen. Op. Nos. GA-0523 (2007) at 2–3, JC-0294 (2000) at 4, JM-755 (1987) at 3–5.

While the statute imposes no duty on a county to provide or pay for criminal representation of its officers or employees, this office has consistently recognized that the common law may allow a county discretion to do so in certain instances. *See* Tex. Att'y Gen. Op. Nos. GA-0523 (2007) at 3–4, JC-0047 (1999) at 3. Prior attorney general opinions have concluded that a public expenditure for an officer's or employee's legal expenses, incurred to defend against an action premised upon an on-the-job act or omission, does not as a matter of law contravene the spending of public funds limitations in the Texas Constitution. *See* Tex. Att'y Gen. Op. No. JM-755 (1987) at 4 (describing section 157.901's predecessor statute and common-law rule as belonging to a "narrow class of the laws which permits public funds to be spent for the indirect private benefit of certain persons because an important public interest predominates"); *see also* Tex. Att'y Gen. Op. No. LA-24 (1973) at 2–3. Such a public expenditure, however, is limited to

> situations where the legitimate interests of the [political subdivisions]—and not just the personal interests of the officers or employees—require the assertion of a vigorous legal defense on behalf of the public interest. [A political subdivision] may not use public funds when the principal interest to be defended is a purely private one.

Tex. Att'y Gen. Op. No. JC-0047 (1999) at 2–3. A two-part test requires a political subdivision to "determine that the suit involved a public interest requiring a vigorous defense, or, conversely, that paying [the] legal fees serves a public, not merely the officer's or employee's private, interest." Tex. Att'y Gen. Op. Nos. JC-0047 (1999) at 3, DM-488 (1998) at 2. The political subdivision must also determine that the "officer or employee committed the alleged act or omission that was the basis of the lawsuit while acting in good faith and within the scope of official duties." Tex. Att'y Gen. Op. No. JC-0047 (1999) at 3; *see also* Tex. Att'y Gen. Op. Nos. GA-0104 (2003) at 4, DM-488 (1998) at 3, LO-98-103, at 3. Such a determination is a fact question for the County to decide in the first instance, subject to judicial review. Tex. Att'y Gen. Op. No. GA-0104 (2003) at 4; *see* Tex. Att'y Gen. Op. No. GA-0380 (2005) at 3–4 (citing *Comm'rs Ct. of Titus Cnty. v. Agan*, 940 S.W.2d 77, 80 (Tex. 1977) (noting standard by which to invoke a district court's supervisory jurisdiction over a commissioners court)).

Previous attorney general opinions considering the payment of an officer's or employee's legal expenses applied the same standard whether the matter was civil or criminal. *See* Tex. Att'y Gen. Op. No. JC-0294 (2000) at 4 ("When questions about paying attorney's fees in criminal cases

have arisen, this office has in the past assumed that the standards applicable in civil lawsuits are equally relevant to criminal cases."). Early recitations of the common-law rule included the idea that the propriety of such an expense "is not made dependent upon the outcome of the litigation, but upon the bona fides of the governing body's motives." Tex. Att'y Gen. Op. Nos. JC-0047 (1999) at 2, LO-98-103, at 2, JM-755 (1987) at 2. But in Opinion JC-0294, this office determined it was likely that a "Texas court would hold . . . that there is no public interest in defending a guilty official from prosecution." Tex. Att'y Gen. Op. No. JC-0294 (2000) at 9; *see also City of Del Rio v. Lowe*, 111 S.W.2d 1208, 1219–20 (Tex. Civ. App.—San Antonio 1937) (recognizing there is no public purpose in city commission paying legal fees for city officers charged with crimes), *rev'd on other grounds*, 122 S.W.2d 191 (Tex. 1938). Opinion JC-0294 advised that a political subdivision must defer its decision to pay an official or employee's legal expenses "until after disposition of the charges."[2] Tex. Att'y Gen. Op. No. JC-0294 (2000) at 9 (overruling DM-488's statement that the outcome of the criminal case is not relevant to the decision to reimburse the officer for his attorney's fees in defending against a criminal charge).

As the commissioner has been found not guilty on the criminal charges, the County may reimburse his legal expenses upon finding that the payment is primarily for a county purpose and not merely for the commissioner's personal interest and the prosecution was for actions taken by the commissioner that were within the scope of his official duties. *See generally* Tex. Att'y Gen. Op. No. JC-0047 (1999) at 3 (stating that "the common-law rule is permissive—it does not require the political subdivision to provide counsel").

---

[2]Early attorney general opinions determined that a political subdivision had no authority to reimburse an officer or employee for legal expenses the officer or employee incurred, but more recent opinions have concluded that the "common law permits the [political subdivision] to reimburse the [officer's] legal expenses" upon finding the expenditure satisfied the two-part standard discussed above. Tex. Att'y Gen. Op. No. DM-488 (1998) at 2–4 (overruling Opinion DM-107 (1992) and several letter opinions to the extent of their inconsistency, and affirming Opinions MW-252 (1980) and M-736 (1970)).

## S U M M A R Y

Under the common law, the Brown County Commissioners Court has discretion to reimburse the legal expenses incurred by a county commissioner in the defense of a criminal matter for which he was found not guilty. The County must find that the expenditure is primarily for a county purpose and not merely for the commissioner's personal interest and that the prosecution was for actions taken by the commissioner that were within the scope of his official duties.

Very truly yours,

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee