

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

August 10, 2015

The Honorable Susan Hawk
Dallas County District Attorney
Frank Crowley Courts Building
133 North Riverfront Boulevard, LB 19
Dallas, Texas 75207-4399

Opinion No. KP-0031

Re: Duty of a county to provide legal representation for a former county employee under subsections 157.901(a) and (b) of the Local Government Code (RQ-0011-KP)

Dear Ms. Hawk:

You state that a former detention service officer has asked Dallas County "to employ and pay for private legal counsel to represent him in a civil suit" in federal court based on allegations that the officer had an "improper sexual relationship with an inmate of the Dallas County Jail" while employed by the county.[1] You further state that the alleged misconduct is the basis of a pending criminal charge in state court that your office has brought against the officer. Request Letter at 1. You ask whether "the Dallas County Commissioners Court [has] a legal duty to employ and pay for private legal counsel to represent the [detention service officer] in the civil suit under [Texas Local Government Code subsections] 157.901(a) and (b)[.]" Id.[2]

Subsections 157.901(a) and (b) provide:

> (a) A county official or employee sued by any entity, other than the county with which the official or employee serves, for an action arising from the performance of public duty is entitled to be represented by the district attorney of the district in which the county is located, the county attorney, or both.

> (b) If additional counsel is necessary or proper in the case of an official or employee provided legal counsel under Subsection (a) or if it reasonably appears that the act complained of may form the basis for the filing of a criminal charge against the official or employee, the official or employee is entitled to have the

---

[1]Letter from Honorable Susan Hawk, Dallas Cnty. Dist. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Feb. 10, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2]Your question is about a commissioners court's duty to provide legal representation under section 157.901 of the Texas Local Government Code, not its discretionary authority to employ private counsel.

> commissioners court of the county employ and pay private
> counsel.

TEX. LOC. GOV'T CODE ANN. § 157.901(a)–(b) (West 2008). A county's duty to provide private legal counsel is addressed in subsection (b). *See id.* § 157.901(b). Subsection (b) expressly refers to subsection (a) and, therefore, subsections (a) and (b) must be construed together. *White v. Eastland Cnty.*, 12 S.W.3d 97, 101–02 (Tex. App.—Eastland 1999, no pet.). When a district or county attorney is providing representation in a suit described in subsection (a), subsection (b) may require the county to provide additional private counsel. TEX. LOC. GOV'T CODE ANN. § 157.901(b) (West 2008). Also, in an apparent attempt to avoid conflicts of interest, subsection (b) may require a county to provide private counsel when "it reasonably appears that the act complained of may form the basis for the filing of a criminal charge." *Id.* The "act complained of" refers to the acts that serve as the basis of a suit described in subsection (a). *See id.*; *White*, 12 S.W.3d at 102. Consequently, in either circumstance, subsection 157.901(b) requires a commissioners court to provide private counsel only when a county official or employee has been "sued . . . for an action arising from the performance of public duty." TEX. LOC. GOV'T CODE ANN. § 157.901(a) (West 2008).[3]

Because the duty to employ or pay for legal representation in subsection 157.901(b) is placed on the commissioners court, it is the commissioners court that must determine, in the first instance and subject to judicial review, whether a suit against an official or employee "aris[es] from the performance of public duty" such that the county is required to employ and pay private counsel. *Id.* § 157.901(b). No judicial opinion of which we are aware, however, states how a commissioners court is to determine whether a particular suit involves "an action arising from the performance of public duty." A prior opinion of this office addressing the predecessor statute to section 157.901 explained that the "suits must concern events occurring during the course of the public servant's performance of public duties within the scope of the authority of the public office or position." Tex. Att'y Gen. Op. No. JM-755 (1987) at 5 (construing former Revised Civil Statute article 332c).[4] While the provision was reworded in a non-substantive recodification, the phrase "arising from" in section 157.901(a) as it is currently written plainly requires a legal nexus between the "action" that is the basis of the suit and the public servant's "performance of public duty."

---

[3]You characterize the detention service officer's employment status as "former," although you do not state when his employment ended. Request Letter at 1. Section 157.901 expressly applies only to a "county official or employee sued . . . for an action arising from the performance of public duty." TEX. LOC. GOV'T CODE ANN. § 157.901(a) (West 2008). Although no judicial opinion has construed whether section 157.901 would apply to a former employee, it is unlikely that a court would allow a county to avoid its duty to fund representation of an official or employee because the official or employee was terminated or resigned after the action that serves as the basis of the suit occurred.

[4]Former article 332c of the Revised Civil Statutes stated that a county was required to provide representation in a suit against a county official or employee "if the suit involves any act of the official or employee while in the performance of public duties." Act of May 30, 1977, 65th Leg., R.S., ch. 414, § 2, 1977 Tex. Gen. Laws 1116, 1116 (repealed 1987).

TEX. LOC. GOV'T CODE ANN. § 157.901(a) (West 2008).[5] A court is not likely to construe an "action arising from the performance of public duty" as including a claim for injury caused by a public servant acting wholly outside the course and scope of the servant's public position. *See In re Reed*, 137 S.W.3d 676, 679–80 (Tex. App.—San Antonio 2004, orig. proceeding) (stating that district attorney had no duty under section 157.901 to represent a justice of the peace in a civil proceeding based on an indecent exposure charge, because it was undisputed that the charge did not "aris[e] out of the performance of public duty").[6]

Moreover, a statute may not grant authority or impose a duty that the Texas Constitution prohibits. *See Tex. Mun. League Intergov'tl Risk Pool v. Tex. Workers' Comp. Comm'n*, 74 S.W.3d 377, 381 (Tex. 2002). Thus, section 157.901 must be construed in light of any applicable constitutional limitations. *City of Pasadena v. Smith*, 292 S.W.3d 14, 19 (Tex. 2009). Article III, section 52(a) of the Texas Constitution prohibits the Legislature from authorizing a county to gratuitously grant public funds for private purposes. TEX. CONST. art. III, § 52(a). Prior opinions of this office explain that a county or other political entity cannot constitutionally pay to provide private legal representation of its officials or employees unless the entity's governing body determines that the payment serves a legitimate interest of the entity, not merely the private interest of the official or employee. *See, e.g.*, Tex. Att'y Gen. Op. Nos. GA-0104 (2003) at 3; JC-0294 (2000) at 2–3; DM-488 (1998) at 2–3. Thus, section 157.901, when read in light of article III, section 52(a) of the Texas Constitution, does not require a commissioners court to pay for private legal representation of a county official or employee in a particular case when such payment does not serve a legitimate interest of the county. Whether paying public funds to provide a county official or employee with private legal representation will serve the legitimate interests of the county "is always a question of fact that must await the good faith determination of the governing body of the county . . . in light of all relevant facts." Tex. Att'y Gen. Op. No. JM-1276 (1990) at 11.

In sum, section 157.901 of the Local Government Code does not require a commissioners court to employ private counsel to provide legal representation for a county official or employee unless the official or employee has been sued for an "action arising from the performance of public duty," and the commissioners court determines in good faith that such representation serves a legitimate interest of the county, not merely the private interest of the individual.

---

[5]*See LeLeaux v. Hamshire–Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992) (construing the phrase "aris[ing] from" in the Texas Tort Claims Act's waiver for injury arising from certain acts as requiring a nexus between the injury and the act); *TDIndus., Inc. v. Rivera*, 339 S.W.3d 749, 754 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (examining pleadings to determine if a negligence claim "aris[es] out of the provision of professional services" under subsection 1001.003(c) of the Occupations Code).

[6]*Cf. Tex. & Pac. Ry. Co. v. Hagenloh*, 247 S.W.2d 236, 239 (Tex. 1952) ("It is not ordinarily within the scope of a servant's authority to commit an assault on a third person.").

## S U M M A R Y

Section 157.901 of the Local Government Code does not require a commissioners court to employ private counsel to provide legal representation for a county official or employee unless the official or employee has been sued for an "action arising from the performance of public duty," and the commissioners court determines in good faith that such representation serves a legitimate interest of the county, not merely the private interests of the individual.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee