11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion


 

Ralph
Smith and Jocelyn Smith

Appellants

Vs.                   No. 11-04-00071-CV -- Appeal
from Brown County

The
City of Brownwood, Texas

Appellee

 

This is a case of first impression involving the
right to sue for disannexation when a municipality has failed or refused to
provide services (such as water service and solid waste collection) after
annexing an area.  TEX. LOC. GOV=T CODE ANN. '
43.141 (Vernon Supp. 2004 - 2005) provides that A[a]
majority of the qualified voters of an annexed area may petition the gov-erning
body of the municipality to disannex the area@
if the municipality has failed to provide the services to the area. The trial
court held that appellants Ralph Smith and Jocelyn Smith did not have standing
to sue for disannexation under Section 43.141 because (1) Section 43.141
requires that a valid petition seeking disannexation must first be filed with
the municipality before a suit can be filed in the district court, (2) Section
43.141(a) defines a valid petition to be one that is filed by a majority of the
qualified voters of the entire area previously annexed, and (3) the Smiths did
not file a valid petition because they represented only 13 of the previously
annexed area of 153 acres.  We
affirm.   

                                                               Background
Facts

            On April 11, 1995, the City of Brownwood passed Ordinance
Number 95-09 annexing approximately 153 acres into the City.  As required by former TEX. LOC. GOV=T CODE '
43.056 (1999), in effect at the time, the City had previously prepared and
filed a service plan for the annexed area that included providing water and
sewer service to the annexed area.  








The Smiths purchased 13 of the 153 acres after the
annexation.  At various times after their
purchase, the Smiths inquired as to the availability of water and sewer service
to their property.  They claim that they
spoke with James Galloway and Ken Johnson, City employees, who told them that
there were no plans to run those services to the Smiths=
13 acres.  Pursuant to Section 43.141,
the Smiths filed a petition for disannexation with the City for their specific
13 acres.  The Smiths appeared before the
city council and requested the disannexation of their 13 acres.  The City declined their request.

The Smiths then filed this suit for disannexation
with the trial court below.  The City
filed a plea to the jurisdiction, contending (1) that the Smiths did not
constitute a majority of the qualified voters of the previously annexed area of
153 acres as required by the Local Government Code Section 43.141(a) for the
petition to the municipality and (2) that, therefore, the trial court was not
vested with proper jurisdiction under Section 43.141(b).

The trial court held that the Smiths did not have
standing to sue for disannexation under Section 43.141 because they had not
first filed a valid petition for disannexation with the City prior to bringing
this suit.

Standard of Review

Statutory construction is a matter of law;
therefore, the proper standard of review is de novo.  Johnson v. City of Fort Worth, 774
S.W.2d 653, 656 (Tex.1989).

The fundamental and dominant rule controlling the
construction of a statute is to ascertain, if possible, the intention of the
legislature expressed by the statute.  Liberty
Mutual Insurance Company v. Garrison Contractors, Inc., 966 S.W.2d 482, 484
(Tex.1998); Calvert v. British-American Oil Producing Company, 397
S.W.2d 839, 842 (Tex.1965); White v. Eastland County, 12 S.W.3d 97, 101
(Tex.App. - Eastland 1999, no pet=n).  Legislative intent should be ascertained from
the entire act, not from isolated portions of the act, any one phrase, clause,
or sentence.  Cities of Austin,
Dallas, Ft. Worth, and Hereford v. Southwestern Bell Telephone Company, 92
S.W.3d 434, 442 (Tex.2002); City of Mason v. West Texas Utilities Co.,
237 S.W.2d 273 (Tex.1951); White v. Eastland County, supra at 101.  In construing a statute, courts will not
attribute an intent to the legislature that leads to an absurd result if there
is a more reasonable construction.  University
of Texas Southwestern Medical Center at Dallas v. Loutzenhiser, 140 S.W.3d
351, 356 (Tex.2004).  

Analysis








Before a municipality could annex an area, Section
43.056 required that the municipality prepare and file a service plan for the
extension of full municipal services to the area to be annexed.  If the municipality failed to provide the
services as required by Section 43.056, then Section 43.141 provided a means
for qualified voters within the annexed area to have their area
disannexed.  Although former Section
43.056 and Section 43.141 have been amended since 1995, Section 43.056 still
requires a service plan and subsections (a) and (b) of Section 43.141 remain as
they were when the City annexed the 153 acres. 
Section 43.141 provides:  

Section
43.141.  Disannexation for Failure to
Provide Services

 

(a)   A
majority of the qualified voters of an annexed area may petition the
governing body of the municipality to disannex the area if the municipality
fails or refuses to provide services or to cause services to be provided to the
area within the period specified by Section 43.056 or by the service plan
prepared for the area under that section.

 

(b)  If the
governing body fails or refuses to disannex the area within 60 days after the
date of the receipt of the petition, any one or more of the signers of the
petition may bring a cause of action in a district court of the county in which
the area is principally located to request that the area be disannexed....The
district court shall enter an order disannexing the area if the court finds
that a valid petition was filed with the municipality and that the municipality
failed to perform its obligations in accordance with the service plan or failed
to perform in good faith.  (Emphasis
added)

 

The Smiths base their argument on the second
prepositional phrase used as an adjective to modify Avoters@ in Section 43.141(a).  The Smiths argue that Aan
annexed area@ refers
to any portion of the annexed area of 153 acres because Aan@ is an indefinite article.  They reason that, if the legislature had
intended for the entire annexed area to participate in the process of
disannexation, the phrase Aof
the annexed area@ would
have been used.  Thus, the Smiths contend
that Section 43.141 is unambiguous and ask this court to find that the trial
court erred in determining that the Smiths do not constitute a majority of
qualified voters of Aan
annexed area.@  

AAn@ is an indefinite article, but it is
used in Section 43.141 to refer to any one of the many areas that have been
annexed by municipalities where the municipality had to comply with Section
43.056.  Former Section 43.056(j) used Aan@
in a similar manner:

A municipality that annexes an area shall provide
the area or cause the area to be provided with services in accordance with the
service plan for the area.

 








Other examples of such usage of 
Aan@ are found in Chapter 43 of the Texas
Local Government Code:  TEX. LOC. GOV=T CODE '
43.053 (1993), Aannexation
of an area must be completed within 90 days@
after the governing body institutes the annexation proceedings; TEX. LOC. GOV=T CODE ANN. '
43.057 (Vernon 1999), A[i]f
a proposed annexation would cause an area to be entirely surrounded@; TEX. LOC. GOV=T
CODE ANN ' 43.121
(Vernon Supp. 2004 - 2005), Athe
governing body of a home-rule municipality...may annex an area@ for certain limited purposes.

Section 43.141(a) must be read within the context
of the entire Chapter 43.  The final part
of Section 43.141(a) refers back to the entire area that was annexed in accord
with the requirements of Section 43.056, just as former Section 43.056(j) used Aan@
and Athe@ internally within Section 43.056.  The final part of Section 43.141(a) provides:


[I]f
the municipality fails or refuses to provide services or to cause services to
be provided to the area within the period specified by Section 43.056
or by the service plan prepared for the area under that section.
(Emphasis added)

 

The City in this case did not prepare a plan for
the 13 acres.  The City prepared a plan
for the entire 153 acres.  The initial
reference in Section 43.141(a) to A[a]
majority of the qualified voters of an annexed area,@
when read in the context of the final part of Section 43.141(a), refers to a
majority of the qualified voters in the annexed area of 153 acres.     

The Smiths argue that the trial court=s decision has left them without a
remedy unless they can convince a majority of the qualified voters in the 153
acres to petition the City for disannexation. 
They appear to be correct, but their argument demonstrates another
reason why the trial court reached the correct decision.  The Texas Legislature realized that an
individual owner residing within an annexed area had no remedy if he or she
could not convince a majority of the qualified voters in the entire annexed
area to petition the municipality for disannexation.  In 1995, the legislature amended Section 43.056(i)
to provide the remedy of a writ of mandamus to an individual living within the
entire annexed area:

A
person residing in an annexed area may enforce a service plan by applying for a
writ of mandamus.  If a court issues the
writ, the municipality shall pay the person=s
costs and reasonable attorney=s
fees in bringing the action.  A writ
issued under this subsection must provide the municipality the option of
disannexing the area within 30 days.

 








Unfortunately for the Smiths, the effective date
of the amendment was June 17, 1995, just a few months after the City annexed
the 153 acres.  The legislature made the
change applicable only to annexations initiated on or after June 17, 1995.[1]  Section 43.056(i) was subsequently amended,
and the individual=s remedy
of a writ of mandamus is now found in Section 43.056(l).[2]


The Smiths=
interpretation of Section 43.141(a) could lead to an absurd result.  The laying of water and sewer lines for an
entire annexed area needs to be done in an orderly manner.  If an individual owner of a small parcel or a
resident could sue for disannexation, the municipality could be subjected to
numerous suits the results of which would leave a previously annexed area with
numerous gaps of small disannexed parcels.[3]  The legislature has avoided those problems by
limiting the remedies for a municipality=s
failure to provide services.  A majority
of the qualified voters of the entire annexed area may follow the disannexation
procedure in Section 43.141, or an individual within the annexed area may seek
a writ of mandamus under Section 43.056(l).  Even under Section 43.056(l), the
municipality is given the choice of complying with the writ of mandamus by
providing service to the individual or by disannexing that smaller part of the
annexed area.








The more reasonable construction of Section
43.141(a) is that A[a]
majority of the qualified voters of an annexed area@
means a majority of the qualified voters of the 153 acres that was previously
annexed.  The 153 acres was Aan annexed area.@  Section 43.141(f) requires that, before the
petition is circulated among the voters, those desiring disannexation must give
notice of the petition by posting a copy in three public places Ain the annexed area@ and by publishing a copy in the
newspaper.  This section would be
unnecessary if one person within the entire annexed area could file a petition
with the municipality and sue for disannexation.  In construing a statute, we read it as a
whole and interpret it to give effect to every part.  City of San Antonio v. City of Boerne,
111 S.W.3d 22, 25 (Tex.2003).  We presume
that the legislature used every word for a particular purpose.  Cities of Austin, Dallas, Ft. Worth, and
Hereford v. Southwestern Bell Telephone Company, supra at 442.

It is unfortunate that the legislature did not
extend the remedy of a writ of mandamus to individuals residing in areas
annexed before June 17, 1995.  The Smiths= issue is overruled.

This Court=s
Ruling

The judgment of the trial court is affirmed.

 

TERRY McCALL

JUSTICE

 

March 10, 2005

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











[1]Section 3, Acts 1995, 74th Leg., ch. 1062.





[2] Section 17(d), Acts 1999, 76th Leg., ch. 1167.





[3] Based on a similar concern about the results of suits
by individuals, the court in Alexander Oil Company v. City of Seguin,
825 S.W.2d 434, 437 (Tex.1991), held that the only proper method for attacking
the validity of a city=s annexation of territory is by quo warranto proceeding
unless the annexation is wholly void.  Id.
at 437.